WILLIAM M. PITTMAN, Appellant, v. EMILY C. PITTMAN, Respondent.

*Appeal from Benton County.*

APPEAL—STATEMENT.—A cause will not be dismissed, of course, for want of a statement, or because the statement certified here is defective.

DECREE.—An order, made in a divorce suit, assigning the minor children to the custody of one of the parties, is in the nature of a decree, and is a subject of review on appeal under sec. 525.

APPELLANT obtained a divorce below, from respondent, on the ground of harsh and cruel treatment, but in the decree the court awarded the two minor children to the respondent until ordered otherwise. From this portion of the decree, he took an appeal. Respondent moves to dismiss the appeal on two grounds: 1st, there is no statement, and 2d, that such an order is not a subject of appeal.

Pittman *v.* Pittman.

*Strahan & Burnett*, for the motion.

*Chenoweth & Williams*, *contra*.

PRIM, C. J. The first question is upon the sufficiency of the statement, while it sets forth the facts, it does not contain the grounds upon which the appellant intends to rely. The law requires that the certificate of the attorney shall contain the particulars in which the judgment or decree is alleged to be erroneous. In addition to this certificate, by sec. 526, Sess. Laws, 1866, p. 12, if the appealing party desires a statement, it shall, when made, "contain *the grounds* upon which he intends to rely on the appeal, and so much of the evidence, as may be necessary to explain the grounds, and no more;" and shall be served on the adverse party. Our practice is not to dismiss cases for want of a statement, or for a defective one, since questions may arise in every case which require no statement for their full consideration here. The statement in this case is defective, and inoperative as such, but we overrule this point in the motion. The second question is, whether this case presents any judgment, order or decree, which we are permitted to review. Sec. 525, p. 280 of the Code, provides "a judgment or decree may be reviewed as prescribed in this title, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit, so as to prevent a judgment or decree therein; or a final order affecting a substantial right, and made in a proceeding after judgment or decree, for the purpose of being reviewed, shall be deemed a judgment or decree."

The appellant appeals from an order made, assigning the minor children of the parties in a suit for divorce, and made at the time of the decree. The pleadings in that suit show that an issue was made directly on the question as to the claim for and disposition of the children. That order gave them to the defendant below, with the usual provision as to the future power over them by the court.

The law of marriage and divorce gives to the court full power over that subject, and oftentimes, that is the only contested question in such cases. The order of the court, we think, disposes of the children as though it were a divorce; and, so far as the invoking of the power of the court in that suit is concerned, is a final one.

In that view, it becomes a subject of review here under the section cited.

The motion to dismiss is therefore overruled.