[Filed April 16, 1885.]

ALICE M. AIKEN v. GEO. E. AIKEN ET AL.

WIDOW — CONSTRUCTION OF STATUTE. — Under section 23, chapter 17, of the Misc. Laws, a widow is entitled to remain in the dwelling-house of her husband one year after his death without being chargeable with rent therefor. Said section has not been repealed or modified by section 1094 of the Civil Code.

FORCIBLE ENTRY AND DETAINER — EJECTMENT. — But neither forcible entry nor ejectment lies to enforce such right.

ID. — LEASEHOLD ESTATE. — Such right applies only to lands of which the husband was owner, and not to a leasehold estate.

JUSTICES OF THE PEACE — JURISDICTION. — Justices of the peace have no jurisdiction in cases where title to real estate comes in question.

REMEDIES — PRACTICE. — Under our system of jurisdiction all the common-law remedies are preserved in some form, and when a course of proceeding is not specifically pointed out, any suitable process may be adopted conformable to the spirit of the Code.

CIRCUIT COURTS — JURISDICTION OF. — Where the jurisdiction is not vested exclusively in some other court, all remedies for the enforcement of legal rights belong to the Circuit Court, which, when no mode of proceeding is pointed out, may adopt any most conformable to the spirit of the Code.

MARION COUNTY. Defendants appeal. Reversed.

The facts sufficiently appear in the opinion.

*Bonham & Ramsey,* for Appellants.

The provisions of sections 1094, 1095, 1096, and 1098 of the Civil Code, adopted in 1862, are inconsistent with and repugnant to section 23, ch. 17, Misc. Laws, and by implication repeal the latter. (*Leonard* v. *Grant,* 8 Oreg. 276.) This complaint expressly alleges ownership of the land, and the answer denies the allegation. This raises an issue of title and ousts the jurisdiction of the court. (Misc. Laws, § 16, p. 615; *Sweek* v. *Galbreath,* 11 Oreg. 516.)

*N. B. Knight,* and *W. G. Piper,* for Respondent.

Section 23, ch. 17, Misc. Laws, is not inconsistent with the Act of 1862, regulating matters of probate. For construction of similar provisions, see Ala. Code, § 1630; *Oakley* v. *Oakley,* 30 Ala. 131. Any person entitled to the possession of premises may maintain forcible entry. (Misc. Laws, ch. 23, §§ 2, 16, pp. 613, 614.)

THAYER, J.— This is an appeal from a judgment of the Circuit Court for the county of Marion. The respondent, on the 10th day of July, 1884, commenced an action in the Justice's Court for Salem Precinct, Marion County, against the appellants, for forcible entry and detainer. She alleged in her complaint that George E. Aiken, her husband, died in said county on the 23d day of November, 1883, leaving her his widow, surviving him; that her husband at the time of his death was the owner of and seized in his own right of certain premises described therein as lots 7 and 8, block No. 17, University addition to the city of Salem, county and State aforesaid, together with the dwelling-house and all the buildings and appurtenances situated thereon, the same being the dwelling-house of the said George E. Aiken; that by reason of his death she became, and still was, entitled to the possession and occupancy of said dwelling-house and premises from and ever since that time; that notice to quit and deliver up said premises to her was duly served upon said appellants on the 23d day of June, 1884, more than ten days

before the commencement of said action; that they refused to quit the possession thereof, or of any part of the same, and unlawfully held the premises with force. ·

The appellants filed answer to the said complaint, in which they denied that the said George E. Aiken, at the time of his death, was the owner of, or was seized in his own right of, the said premises, or of the dwelling-house, buildings, or appurtenances; denied that the respondent became or was entitled to the possession or occupancy thereof; denied that they, or either of them, unlawfully held possession of the premises with force or otherwise. The issues so formed were tried in the said Justice's Court, and the respondent recovered a judgment therein for the possession of the premises. The appellants appealed therefrom to the said Circuit Court, and, after obtaining leave therefor, filed an amended answer, in which they denied all the allegations of the complaint except the alleged notice to quit, and of the death of the said George E. Aiken, and the widowhood of the respondent. The case was tried by jury, and resulted in a verdict of guilty against the appellants, upon which the judgment appealed from was entered.

Several questions were raised upon the trial as to the respondent's right to maintain the action, which have been presented to this court for review. The respondent claimed her right to recover the possession of the premises under and by virtue of section 23, ch. 17, Misc. Laws Oreg., which provides that "a widow may remain in the dwelling-house of her husband one year after his death without being chargeable with rent therefor, and shall have her reasonable sustenance out of the estate for one year." The appellants claim that said provision has been superseded by section 1094 of the Civil Code; the former provision having been adopted in 1854, and the latter in 1862, and that the two are inconsistent. They also claim that title to real property was drawn in question by the pleadings and evidence, and that the judgment is therefore erroneous. The provision included in said section 23, ch. 17, Misc. Laws, is a statutory enlargement of what was known at common law as the widow's quarantine, which is defined as a privilege the law allowed to women to

continue in the capital, messuage, or mansion-house, or some other house whereof they were dowable forty days after their husband's death, whereof the day of his death was counted one. And during that time they were to be provided with all necessaries at the expense of the heir, and before the end thereof were to have their dower assigned to them. (Bacon Abr. n. *b*, tit. "Dower.")

We are of the opinion that said section of the statute has not been superseded by any of the other provisions of statute referred to in the appellant's brief, but are convinced that the respondent has mistaken her remedy in her attempt to enforce her alleged rights under it. At common law a widow entitled to such rights or benefit could, in case the heir or other persons ejected her, sue out a writ known as the writ *de quarantina habenda*. (Jac. Law Dict. tit. "Quarantine"; § 19, ch. 3, Scrib. Dower.) This seems to have been a summary process, and required the sheriff, if no just cause were shown against it, speedily to put her into possession. In some of the States a remedy is given by statute to enforce the right by writ, or in some form of action. (§ 20, ch. 3, Scrib. Dower.) But we have no specified course of proceeding in this State affording any such remedy. It is not included in the action to recover the possession of real property, as the plaintiff in that action must have a legal estate in the property as well as a right to the possession. (§ 313, Civ. Code.) This is not an estate; it is but a privilege or benefit. Executors and administrators are entitled to the possession of the estate for the purpose of administration; but they cannot recover the possession of it in such action (*Humphreys* v. *Taylor*, 5 Oreg. 260), and I think it doubtful that a purchaser of real property upon execution could, although entitled to the possession from the day of sale until a resale. (§ 304, Civ. Code.) Nor could such a privilege be enforced by an action of forcible entry and detainer. The merits of the title cannot be inquired into in such action. (§ 16, ch. 23, Misc. Laws.) The widow in the outset is required to prove that her husband was seized of the dwelling-house at the time of his death. The right only applies to lands of which he was owner, and not to a leasehold estate. (*Voelckner* v. *Hudson*, 1 Sand. 215.)

In the present case, it is alleged, as we have seen, that the respondent's husband, at the time of his death, was the owner, and seized in his own right, of said premises. This allegation was flatly denied in the answer. That issue was squarely presented to the Justice's Court for trial. Upon the trial in the Circuit Court, and probably before the justice, also, a deed was introduced in evidence upon the part of the respondent, apparently made and executed by the appellant John Aiken and his wife to the said George E. Aiken, in 1880, which purported to convey from the former to the latter the said premises. This proof was in direct support of the allegation of the complaint, and was entirely pertinent. A question of title to real property was as effectually tried as though the proceeding had been an action to recover the possession of real property. There might be cases of intrusion, in which a party could resort to the remedy of forcible entry and detainer without any greater right in the premises than the one under consideration, with no right, in fact, beyond that of prior occupancy. But this case, as made by the pleadings and the evidence shown in the bill of exceptions, is in the nature of an ouster by deforcement. The respondent sought to recover possession by reason of her husband having been the owner of the premises, and of her relation to him as his widow. The title was necessarily litigated. Consequently, the justice before whom the action was tried had no jurisdiction, and the appeal to the Circuit Court did not give that tribunal jurisdiction. I do not think in such a case that a party is destitute of a remedy. All the common-law remedies are preserved under our system of jurisprudence in some form or other. They are not in all cases specifically pointed out, nor do we have any mode for devising or framing writs, but we have a general provision in our law preserving a remedy for every wrong a court of justice has power to redress.

Section 911 of the Civil Code enacts that "when jurisdiction is by the organic law of this State, or by this Code or any other statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically

pointed out by this Code, any suitable process or mode of proceeding may be adopted which may appear most comformable to the spirit of this Code. Section 9 of article vii. of the Constitution of the State declares that all judicial power, authority, and jurisdiction not vested by the Constitution, or by laws consistent therewith exclusively in some other court, shall belong to the Circuit Courts. The result follows that all the enumerated remedies for the enforcement of legal rights, where the jurisdiction is not vested exclusively in some other court, belong to the Circuit Court, and any suitable process or mode of proceeding may be adopted for their enforcement which may appear most conformable to the spirit of the Code. There need, therefore, be no failure of justice, under the jurisprudence of this State, in consequence of the mode of proceeding pointed out being inadequate to afford a remedy in a particular case, as any remedy in such case may be adopted, subject to the qualification mentioned. It is beyond the scope of legislative wisdom to prescribe a specific remedy for every class of cases that may arise in the complication of human affairs, and it was not attempted; but ample provision was made to prevent a party from being left remediless in case of an infringement upon his legal rights, and the courts must of necessity recognize the provision and carry it out when a proper case is presented.

For the reasons before expressed the judgment must be reversed, and the case remanded to the Circuit Court, with directions to dismiss it for the want of jurisdiction of the Justice's Court, and of that court, upon appeal, to determine it.