Argued January 24, reversed and decree entered March 13, rehearing denied April 10, 1923.

## THOMPSON ESTATE CO. *v.* KAMM.

(213 Pac. 417.)

**Appeal and Error—Findings Based on Judge's View of Premises not Conclusive.**

1. Findings based on the trial judge's view of the premises in a suit for partition are not conclusive, as such a case, like any other suit in equity, must be tried *de novo* on appeal (Section 556, Or. L.).

**Partition—Parties' Financial Interests Carefully Considered in Deciding as Between Partition and Sale.**

2. In determining whether premises owned in common should be partitioned or sold and the proceeds divided, the financial interests of the parties should be carefully considered.

**Partition—One Suing for Partition or Sale and Division of Proceeds cannot Complain of Assessment of Owelty for His Share of Portion Awarded Defendant.**

3. A corporation suing for partition or sale and division of the proceeds of six storerooms, in which it owned an undivided three-fourths interest, could not complain of a decree assessing owelty for its part of a storeroom awarded to defendant as constituting a forced sale of its property at a price it had no voice in fixing; the statute (Sections 435, 442, 479, Or. L.), contemplating either partition in kind, a sale and division of the proceeds, or application of the principle of owelty, the amount of which plaintiff had its voice in determining, as in any other litigation to determine an amount to be paid one party by another.

**Partition—Payment of Owelty Exacted as Seldom as Possible.**

4. In working out a division of property between tenants in common, assessment of owelty to be paid by one for his part of property awarded the other should be employed as little as possible.

**Partition—Several Storerooms Owned in Common may be Divided, Though Partition Line would Run Through Middle of One Room.**

5. Several storerooms owned in common may be divided, though the partition line, if the property were divided with respect to superficial area, would run through the middle of one room, especially in view of Section 479, Or. L., permitting assessment of owelty to be paid by one party to the other in case of unequal partition.

**Partition—Court may Enforce Decree Requiring Payment of Owelty, Though No Statutory Method is Provided.**

6. Under Section 983, Or. L., giving courts all the means to carry jurisdiction conferred on them into effect, though no method is specifically pointed out by the Code, and Section 479, authorizing the court to adjudge compensation to be made by one party to another because of unequal partition of property between them, a court having the parties and subject matter in partition proceedings before it may render and enforce a decree assessing an amount to be paid by one party to another for the latter's share of property awarded the former, though no way is provided by statute to compel payment thereof.

**Partition—Owner of Undivided Fourth Interest in Six Storerooms Awarded Two and Required to Pay Owelty to Cotenant.**

7. In a suit for partition of six storerooms, defendant, who had an undivided one-fourth interest, allowed two and required to pay plaintiff a stipulated sum for its interest in the one adjacent to the four awarded it rather than require a sale.

From Multnomah: ROBERT G. MORROW, Judge.

---

3. Owelty of partition, see note in Ann. Cas. 1914A, 650.

Department 1.

REVERSED AND REMANDED.   REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Joseph Simon.*

For respondent there was a brief over the names of *Messrs. Bauer & Greene* and *Mr. A. H. McCurtain,* with an oral argument by *Mr. Thomas G. Greene.*

BURNETT, J.—In the City of Portland there is a block bounded on the south by Pine Street, on the west by Front Street, on the north by Ash Street and on the east by the Ash Street Dock, on the Willamette River. Facing Front Street is a strip of ground in that block forty feet, nine inches in width, owned in severalty by the plaintiff. The ground remaining in the block, both north and south of this strip, is owned in common by the plaintiff and the defendant, the former holding an undivided three fourths and the latter an undivided one fourth thereof. These tracts north and south of the severalty strip are of equal dimensions, seventy-eight feet on Front Street, by a depth of ninety feet to the Ash Street Dock. For convenience the north tract will be called the Ash Street property and the south tract the Pine Street property. The latter has upon it three stores occupied by one tenant. The Ash Street property likewise has three stores, the one next to the severalty strip occupied by one tenant and the two stores at the corner of Front and Ash Streets being occupied by another.

The plaintiff sues for partition of the property with the alternative in the prayer that, if partition cannot be had without great prejudice or material

injury to the rights of the parties, there shall be a sale of the realty and division of the proceeds. The answer admits the tenancy in common of the property and the proportion of three quarters to plaintiff and one quarter to defendant. It is admitted that there are no liens or encumbrances upon the property.

The point in dispute is whether the property shall be sold or whether it shall be divided in kind and the interests of the parties conserved by the payment of owelty. The Circuit Court appointed three referees to examine the premises and report to the court their conclusions as to whether the property could be divided according to the rights of the parties or whether it is so situated that a partition cannot be had without great prejudice to the owners. Two of the referees reported substantially in favor of giving to the plaintiff the three stores on the Pine Street side and the store immediately north of the severalty strip; and assigned to the defendant the two remaining stores on the Ash Street side, requiring her to pay to the plaintiff, as owelty, $2,617. The third referee reported in favor of selling the entire estate and dividing the proceeds.

It appears that at the request of both parties the trial judge visited the premises and, after hearing the testimony and considering the reports of the referees, entered a decree requiring the sale of the premises and a division of the proceeds according to the rights of the parties. The defendant appealed.

At the outset we quote the following sections of Oregon Laws:

"Sec. 435. When several persons hold real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real

property, any one or more of them may maintain a suit for the partition of such real property, according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appears that a partition cannot be had without great prejudice to the owner.''

''Sec. 442. If it be alleged in the complaint and established by evidence, or if it appear by the evidence, without such allegation in the complaint, to the satisfaction of the court, that the property or any part of it is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, it shall decree a partition according to the respective rights of the parties, as ascertained by the court, and appoint three referees therefor, and shall designate the portion to remain undivided for the owners whose interests remain unknown or not ascertained.''

''Sec. 479. When it appears that partition cannot be made equal between the parties, according to their respective rights, without prejudice to the rights and interests of some of them, the court may adjudge compensation to be made by one party to another, on account of the inequality of partition; but such compensation shall not be required to be made to others by owners unknown, or by infants, unless in case of an infant it appear that he has personal property sufficient for that purpose, and that his interest will be promoted thereby.''

It is conceded in the argument that any tenant in common has the right to sue to break up that tenancy and take his part in severalty. It is most desirable that a division of the property may be had. It is least desirable that a sale be made. Between these two extremes is the mean embodied in Section 479, *supra*. The reason underlying this statement, as embodied in the statute, is that parties are not to be deprived of their property unless it is absolutely

107 Or.—5

necessary to effect a proper division thereof, considering the interests of the tenants in common. All agree that, so far as superficial area is concerned, the property could not be divided advantageously and give the plaintiff three fourths and the defendant one fourth without cutting in two the middle store in either the Pine Street tract or the Ash Street tract. It is in testimony that the buildings on the property in suit are old and worth but little more than the present rental value thereof, as they were built in the early sixties. It is agreed that the two tracts are of the equal value of $25,000 each. To make the line of division along the middle line of the middle store in either tract would require the building of a partition wall, which would practically destroy the usefulness of that room. The question is whether the whole property should be sold or make a division giving to the defendant two rooms, adjusting the difference in value by the assessment of owelty.

1. The plaintiff contends that the defendant is concluded on the question involved here of sale or division by the fact that the trial judge visited the premises at the request of both parties and thereafter made a decree of sale. That contention is thus stated in the plaintiff's brief: "Personal inspection by the trial court, at request of the parties, of the lands to be partitioned is evidence; and a finding based thereon cannot be disturbed on appeal." The precedents cited in support of this doctrinal proposition do not so teach the principle involved. For instance, Judge Bellinger in *United States* v. *Seufert,* 87 Fed. 38, cited by the plaintiff, said: "In this class of cases the view of the jury is evidence to be taken into consideration with the other evidence in the case." It was laid down in *Crane* v. *Oregon R. & N. Co.,* 66 Or. 317, 329 (133 Pac. 810), that information acquired by view

of the premises, independent of any evidence, is of no value in determining the issues involved.

Again, in *Molalla Elec. Co.* v. *Wheeler,* 79 Or. 478 (154 Pac. 686), we are taught that when on trial by the court the judge views the premises his findings and decree are entitled to careful consideration but the judgment must be rendered, not on the view had, but on the evidence introduced as explained by the view. See also *York* v. *Southern Pac. Co.,* 87 Or. 695 (170 Pac. 927, 171 Pac. 567). Under the precedents cited by the plaintiff the most that can be said is that the view is part of the evidence which is preserved in the findings of the trial judge, but it is not conclusive. Our own previous holdings do not go so far. Such a case, like any other suit in equity, must be tried *de novo* on appeal: Section 556, Or. L. This of itself would prevent the view of the premises from being conclusive.

2. It is practically agreed in the evidence that there is no great demand for realty in that part of the City of Portland where this property is situated and that a sale of the property on execution would be at a sacrifice. The financial interests of the parties to the suit should receive care and consideration at the hands of the court.

3. The complaint is made on behalf of the plaintiff that to assess an amount which it should be compelled to take for its part of the middle store in the Ash Street tract would be a forced sale of its property at a price, the amount of which it had no voice in fixing. So far as the compulsory sale is concerned it differs not in principle from the sale of the whole premises, which the plaintiff advocates. Likewise, it is in a degree fallacious to argue that it had no voice in fixing the price. The plaintiff began this proceeding under the statute, contemplating either partition in

kind, a sale and division of the proceeds, or the application of the principle of owelty. The estate of tenancy in common is held subject to the statute under which this suit is prosecuted.

4. The plaintiff had its day in court in its own suit, the possible result of which was to fix the amount of owelty to be paid by one party to the other. It had its voice in determining that amount, the same as it would have in any other litigation, to determine what shall be paid by one party to another. Having in mind, nevertheless, that it is obnoxious to compel a person to sell his property, it would seem equitable at least to employ that form of procedure as little as possible in working out a division of property between two tenants in common.

5. Confining itself apparently to the consideration of the single room, through the middle of which the partition line would run if the property were divided with respect to superficial area, the plaintiff cites a number of authorities to the effect that the court will presume that a single house and lot cannot be divided without injury to the owners. This leaves out of view the fact that it is not a single storeroom only which is the subject for partition. There are five other rooms which must engage our attention in the solution of this question. In *Bell* v. *Smith*, 24 Ky. Law Rep. 1328 (71 S. W. 433), cited by the plaintiff, it was said, according to the syllabus: "It will be presumed that a house and lot in a city cannot be divided in partition without impairing its value." There the property was worth less than $200. A sale had been ordered without objection by either of the parties in interest but it was the purchaser who moved to set aside the sale, among other things, because there was no proof that the property could not be divided in kind. It was in such a case the court

used the language quoted and the sale was very properly confirmed.

In *Williams* v. *Coombs,* 88 Me. 183 (33 Atl. 1073), the property was a single lot which was almost entirely covered by a dwelling-house. *Faught* v. *Henry,* 13 Bush, 473, cited by the plaintiff, is a Kentucky case which was a proceeding to sell a house and lot to satisfy lien notes given for the purchase price. It was there stated: "This court will presume that a house and lot in a city or town is not susceptible of advantageous division, * * The court therefore should not have ordered a sale, of the house and lot unless it appeared it was susceptible of advantageous division until all the purchase money was due." This was under a Kentucky statute which makes no provision for owelty but requires either division or sale without further alternative.

Another case cited by the plaintiff is *Brown* v. *Cooper,* 98 Iowa, 444 (67 N. W. 378, 60 Am. St. Rep. 190, 33 L. R. A. 61. The property in question there was a water-power and a sale was ordered because a division in kind was impossible. The proposed plan of the referees contemplated the erection of weirs and the employment of a manager to supervise the division of the water thereafter. This scheme really amounted to the perpetuation of the tenancy in common under the supervision of a receiver and hence was rejected by the court. It will not do to say, therefore, especially under a statute like ours, that a city lot cannot in any event be divided.

Plainly it would be disadvantageous to sell the property on a dull market; both parties would suffer by such a proceeding. The adjustment proposed by a majority of the referees leaves the plaintiff's property all connected and together. According to the valuation fixed by the referees on the whole of both tracts

the adjustment of the owelty seems to be reasonable and fair.

6. It is argued likewise by the plaintiff that there is no way provided by statute to compel the defendant to pay the amount assessed as fairly equalizing the division. We find, however, Section 983, Or. L., covering just such a situation:

"When jurisdiction is, by the organic law of this state, or by this code or any other statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by this Code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

We remember, also, that Section 479, Or. L., provides that:

" * * The court may adjudge compensation to be made by one party to another, on account of the inequality of partition; * * "

This means that the court may render a decree of that kind when it has before it the parties and the subject matter in partition and it goes without saying that the court may enforce its decree.

7. After consideration of all the matters involved, considering the odiousness of sale as compared with division in kind, we think the middle course is safest, leading to an approval of the suggestion of the majority of the referees, allowing to the defendant the north two storerooms on the Ash Street tract and requiring her to pay to the plaintiff $2,617 as owelty. A decree will be rendered accordingly, making this sum a lien in favor of the plaintiff upon the entire property awarded to her and requiring her to pay the same into court for the benefit of the plaintiff

within sixty days after the entry of the mandate herein in the Circuit Court, in default of which the property awarded to her may be sold as upon execution for the satisfaction of that amount, with costs of sale but without any personal decree against the defendant.

The decree of the Circuit Court is accordingly reversed and one here entered in accordance with the views herein expressed.

REVERSED AND DECREE ENTERED. REHEARING DENIED.

McBRIDE, C. J., and HARRIS and RAND, JJ., concur.