Argued April 10, affirmed June 5, rehearing denied July 31, 1923.

# BENSON *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

(215 Pac. 878.)

**Master and Servant—Denial of Application for Increase of Compensation for Aggravation of Disability Appealable.**

1. Where the Industrial Accident Commission denied a workman's application for increase of compensation for aggravation of disability, upon the ground that there was no foundation for his claim, the case was within the proviso of the original Workmen's Compensation Act, Section 32, as amended by Laws of 1917, page 562, Section 18, as to the finality of the Commission's decisions, and his appeal from the decision was authorized.

**Master and Servant—Evidence Held to Show Aggravation of Compensable Injury.**

2. On an application by a workman for increase of compensation for aggravation of disability, testimony *held* sufficient to justify allowance where claimant testified that his leg, which was broken in the accident, bothered him, and he explained in detail the increased pain and defective action of the leg.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. James West,* Assistant Attorney General.

For respondent there was a brief over the name of *Messrs. McGuirk & Schneider,* with an oral argument by *Mr. Walter T. McGuirk.*

BURNETT, J.—The plaintiff, while he and his employer were both subject to the workmen's compensation statute of this state, was injured on July 9, 1917, and on the 15th of that month he filed his claim for

---

1. Right and extent of review of findings of Industrial Accident Commission, see notes in **Ann. Cas.** 1916B, 475; **Ann. Cas.** 1918B, 647; **L. R. A.** 1917D, 186.

compensation with the State Industrial Accident Commission.    On July 6, 1918, the Commission made him a final award in the balance of $448.68 to be paid him in monthly payments of $25 each, "in full settlement of any and all claims arising out of such injury," a copy of which findings and final action was mailed to him on that date.

Nearly three years thereafter, to wit, on June 27, 1921, and more than a year after the payments under said final award had ceased, he addressed a letter to the Commission to the effect that, according to his understanding, he was entitled to further compensation because his leg was never well since the accident and he was unable to perform any hard labor without effecting injury and causing him pain.    Meanwhile, the chief medical adviser for the Commission had examined him and reported in substance that the injured leg was in practically the same condition as it was three years before and advised no further action on the claim.    Accordingly, under date of June 27, 1921, the Commission notified him that he was not entitled to any further payment, whereupon he appealed to the Circuit Court.    The Commission's motion to dismiss the appeal having been denied, there was a jury trial resulting in a special verdict, in substance, that there is an aggravation of the plaintiff's injury subsequent to the award for temporary total disability and the final allowance for permanent partial disability; that he had made application for an award on ground of the aggravation and that he now suffers twenty-six and two-thirds per cent greater disability and loss of function because of the aggravated condition, over and above the previous award.    The court entered a judgment remanding the cause to the Commission with directions to make an

increased allowance accordingly, and the Commission appealed to this court.

The Commission here contends that the court erred in overruling the motion to dismiss the appeal and its motions for nonsuit and for directed verdict.

Legislation of the sort here under consideration originated in the act of February 25, 1913, embodied in Chapter 112 of the laws of that year codified, with its subsequent amendments in Title XXXVII of Oregon Laws. The preamble, which has never been amended and which in large degree reveals the legislative intent of the act, recites:

"that in determining the responsibility of the employer on account of injuries sustained by his workmen, a great and unnecessary cost is now incurred in litigation, which cost is divided between the workmen, the employers and the taxpayers, who provide the public funds, without any corresponding benefit, to maintain courts and juries to determine the question of responsibility under the law as it now exists, and that the state and its taxpayers are subjected to a heavy burden in providing care and support for such injured workmen and their dependents, and that this burden should, in so far as may be consistent with the rights and obligations of the people of the state, be more fairly distributed as in this act provided."

Having in mind the vast amount of litigation promoted by "ambulance chasers" under the former régime, one would expect that an act opening with such a preamble would diminish litigation to a large degree and that some limitations would be imposed upon it, either in the authority of the Commission in the finality of its decisions, or in the shape of prescribing a time within which only, a claimant could call upon the Commission to increase his allowance of compensation under the act. As the statute stood

at the time of the injury, the workman was required to file with the Commission his application for compensation on blanks furnished by that body. It further provided that;

"If change of circumstances warrants an increase or re-arrangement of compensation, like application shall be made therefor. No increase or re-arrangement shall be operative for any period prior to application therefor."

"No application shall be valid or claim thereunder enforceable in non-fatal cases unless such claim is filed within three months after the date upon which the injury occurred."

Treating, as it does, not only of applications filed in the first instance for compensation on account of an injury, but also of application for increase or re-arrangement of compensation, it would seem that so far as action can be compelled on the part of the Commission, nothing could be accomplished by a claimant after three months subsequent to the date upon which the injury occurred. It was held in *Lough* v. *Industrial Acc. Com.*, 104 Or. 313 (207 Pac. 354), that nothing could be done for a claimant who had failed to file his original application within three months after the accident, although it was made to appear that during and after the expiration of that period, he was insane. The ruling of this court, however, in *Chebot* v. *State Industrial Acc. Com.*, 106 Or. 660 (212 Pac. 792), is to the effect that, once an application has been filed and award has been made for compensation on account of disability resulting from injury to a workman who is subject to the compensation act, the case thereafter is continually open and that, notwithstanding the limitation of the appeal from the decision of the Commission, the workman may make continued applications for increase of

compensation no matter how long a time has elapsed from the injury in his case and irrespective of former allowances, providing he can allege that his disability has become aggravated through lapse of time. According to that decision, it is justified by the clauses of the statute saying,

"The power and jurisdiction of the Commission shall be continuing and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as in its opinion may be justified." Laws 1917, p. 559; and

"If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the Commission may, upon the application of the beneficiary, or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided, or, in a proper case, terminate the payments." Laws 1917, p. 555.

1. From the foregoing excerpts the Commission argues that the matter of allowing an increase of compensation for aggravation of disability, notwithstanding previous final award, is one purely within the discretion of the Commission and that its decision thereon cannot be reviewed on appeal unless it can be said as a matter of law that the Commission has been so arbitrary or capricious that it has not indeed exercised its discretion. Contending also in avoidance of the Chebot decision that the claimant's rights are limited by and to be adjusted by the law as it stood at the time the accident happened, the attention of the court is directed to the language of Section 32 of the original act as amended by Laws of 1917 (page 562) reading thus:

"The Commission shall have full power and authority to hear and determine all questions within its jurisdiction and its decision thereon shall be final; provided, however, in case the final action of said Commission denies the right of the claimant to participate at all in the Industrial Accident Fund, on the ground that the injury was self inflicted or on the ground that the accident did not arise out of and in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant may, within thirty days after notice of the final action of such Commission, apply for an appeal to the circuit court of the State of Oregon for the county in which said claimant resides."

For present purposes, we will say neither "yea" nor "nay" to the contention of the Commission that the claim is concluded by the terms of the act of 1917 and is not aided by subsequent amendments, but will consider the question as if that statute in that form were in force when this present litigation was commenced. We recall that the claimant had been awarded compensation under his original application and that final payment of that award had been made more than a year before the instant application was made. His right under the former adjudication had expired. It had reached its culmination and consequently had no further existence or efficacy. As well he might under the majority opinion in the Chebot case, he made a subsequent application to the Commission for increased allowance on account of aggravation of his disability, albeit more than a year after the injury happened. In other words, he sought to enforce an additional right conferred upon him by the enactment. He presented his claim to the Commission which had "full power and authority to hear and determine all questions within its jurisdiction." True enough, it is said under the 1917 statute that

"its decision thereon shall be final"; but the crux of the situation is found in the proviso that "in case the final action of said Commission denies the right of the claimant to participate at all in the Industrial Accident Fund * * upon any other ground going to the basis of the claimant's right," he may appeal.   We must remember that it is not the original right which the claimant succeeded in enforcing under the former holding of the Commission that now engages our attention for adjudication, but the other distinct and additional right which has since then grown up out of the subsequently discovered aggravation of disability.   In this instance where the claimant seeks to enforce this later right, the Commission has denied that right of his to participate at all in the fund and upon the ground going to the basis of that right.   In the estimation of the Commission, he has no foundation whatever upon which to make such a claim.   Under these circumstances, his present case falls within the scope of the proviso and his appeal from the decision of the Commission thus made was authorized even under the 1917 statute.   He comes within the provided exception to the finality of the Commission's decisions.

The Commission has cited many precedents from the Washington Supreme Court to effect that the discretion of the Commission is exempt from review and claims that our statute is practically a reiteration of the law of that state on the subject of workmen's compensation and that the construction given to the enactment there is binding upon courts of this state. The major premise of this syllogism, however, is faulty; for in treating of court review in such cases, the Washington law provides that the action of the Commission may be "reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in

the Superior Court of the county of his residence * * in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, *it being the intent that matters resting in the discretion of the department shall not be subject to review.*" 2 Remington's 1915 Codes and Statutes of Washington, § 6604—20. Our statute contains no such protection of the discretion of the Commission. On the contrary, it has provided a specific instance in which the Circuit Court has authority to review on appeal the decision of the Commission. That the discretion of the Commission and its actions thereunder are subject to review on appeal is taught in effect by *Grant* v. *State Industrial Acc. Com.,* 102 Or. 26 (201 Pac. 438). Involved in that case was the consideration of part of Section 14 of the act of February 20, 1917, amendatory of Section 28 of the original enactment of 1913. The excerpt reads thus:

"For such period of time as any workman shall commit insanitary or injurious practices which, in the judgment of the Commission tend to either imperil or retard his recovery, or shall refuse to submit to such medical or surgical treatment as the Commission deems reasonably essential to promote his recovery, his right to compensation shall be suspended and no payment shall be made for such period * * . " Laws 1917, p. 559.

The Commission had directed the claimant to submit to a certain surgical operation and on his refusal had suspended payment of his compensation. From this action of the Commission the claimant appealed to the Circuit Court where the question was submitted to a jury with the result that the action of the Commission was reversed. Here was a case in which the Commission's decision was clearly and purely within its discretion, yet that discretion was reviewed and the

exercise of it in that instance overturned, all under the statute as it stood in 1917 and by which the Commission contends the present issue should be determined. It is clear therefore that the exercise of the Commission's discretion is not final. This present case comes within the sanction of the general rule that the right of appeal is truly statutory. The statute of 1917 does allow an appeal in this instance and it is not necessary to apply the law in its present form.

2. The Commission likewise contends that there is no testimony showing any aggravation of disability and argues that there should be some evidence in this litigation of the physical condition of the claimant at the time of the making of original award so that a comparison could be drawn between what is was then and what it is now. We cannot accede to this view. There is, for instance, the testimony of the claimant himself that his leg which was broken in the accident "bothers me. In the last year I notice it bothered me more than it ever had before." He goes on to explain in detail the increased pain and defective action of the leg, occurring within three or four months prior to the trial.

Having in view the effect of previous decisions of this court already noted, it is the opinion of the writer that on the ground of *stare decisis,* at least, the judgment of the Circuit Court should be affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and RAND, J., concur.

Mr. Justice HARRIS concurs in the result.