Submitted on motion to dismiss appeal May 28, motion denied July 8, argued on the merits December 17, 1924, modified January 27, costs taxed February 10, 1925.

## JACK J. MEANEY v. STATE INDUSTRIAL ACCIDENT COMMISSION.

(227 Pac. 305; 232 Pac. 789.)

**Appeal and Error—Respondent on Insufficiency of Abstract Should File Additional One Under Court Rule.**

1. Respondent wishing to attack sufficiency of appellant's abstract should avail himself of Supreme Court Rule No. 7, allowing him to file additional abstract instead of objecting to the form of appellant's.

**Appeal and Error—Abstract not Objectionable Because Under Same Cover With Appellant's Brief.**

2. An abstract of record is not objectionable because included under the same cover with appellant's brief, since the practice is economical where the record is short, and brief small.

**Appeal and Error—Bill of Exceptions or Transcript of Evidence Need not be Filed to Confer Jurisdiction of Appeal.**

3. On appeal from a judgment at law, jurisdiction of the Supreme Court does not depend on filing of bill of exceptions or transcript of evidence, though failure to file them limits the questions to be considered.

**Appeal and Error — Merits not Considered on Motion to Dismiss Appeal.**

4. Merits of a case will not be considered on motion to dismiss an appeal.

1. See 2 R. C. L. 155.

## ON THE MERITS.

**Master and Servant—Bill of Exceptions Questioning Jurisdiction of Circuit Court Unnecessary to Confer Jurisdiction on Supreme Court in Workmen's Compensation Proceedings.**

5.   Question of jurisdiction of Circuit Court on appeal from Industrial Accident Commission can be raised at any stage of proceedings, and, having been raised on appeal to Supreme Court, bill of exceptions need not be filed to confer jurisdiction on latter.

**Master and Servant—Letters from Industrial Accident Commission Held "Final Action" and Appealable—"Consideration."**

6.   Letters to claimant's attorney from Industrial Accident Commission, stating that claim would be submitted to Commission for its "consideration" and that Commission had "considered" matter and found no reason for reopening claim, *held* to constitute "final action," from which appeals lie, within Section 6637, Or. L., as amended by Laws of 1921, page 583, Section 10; "consideration" being technical term indicating that tribunal has heard and judicially determined matters submitted to it.

**Master and Servant—Appeal Lies from Final Action on Application for Compensation After Termination of Original Allowance.**

7.   Under Section 6637, Or. L., as amended by Laws of 1921, page 583, Section 10, claimant may appeal, not only from Industrial Accident Commission's final action on original application, but from subsequent final action on application, under Section 6626, Or. L., subd. i, for allowance based on aggravation of injury or termination of original allowance.

**Master and Servant—Industrial Accident Commission Held Precluded from Setting Up, in Opposition to Appeal, Informality of Final Action on Application for Reinstatement.**

8.   Industrial Accident Commission, stopping payments several times, and reducing allowance once, without notice to claimant, and refusing latter's application for reinstatement after last discontinuance of payment, cannot complain, in opposition to appeal, of informality of its final action, as indicated in its letter advising claimant's attorney that it had found no reason for reopening claim.

**Master and Servant—Circuit Court's Judgment Should Substantially Follow Statute as to Reference Back to Industrial Accident Commission.**

9.   Circuit Court's judgment, modifying or reversing Industrial Accident Commission's refusal to reopen claim after termination of payments, should substantially follow Section 6637, Or. L., as amended by Laws of 1921, page 583, Section 10, by referring matter back to Commission with order to fix compensation according to schedule in act; but judgment for plaintiff, in amount correctly computed, with order that Commission issue necessary voucher, is erroneous only in form, and not improper as amounting to *mandamus* on Commission.

---

7.   Review of finding of fact under Workmen's Compensation Act, see notes in **Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647.**

**Master and Servant—Industrial Accident Commission Should Traverse Facts Alleged by Claimant on Appeal to Circuit Court.**

10. Under Section 983, Or. L., Industrial Accident Commission, on claimant's appeal from order refusing reinstatement after termination of allowance, should formally traverse facts alleged by claimant, and thus raise clearly defined issue in Circuit Court in order that Section 6637, as amended by Laws of 1921, page 583, Section 10, requiring trial like other civil cases, may be literally complied with in Circuit and Supreme Court.

**Master and Servant—Attorney's Fees not Allowed Plaintiff in Appeals from Industrial Accident Commission.**

11. In absence of statutory authority, Supreme Court cannot award attorney's fees to plaintiff in appeals from action of state Industrial Accident Commission.

See (1) Workmen's Compensation Acts, 126 (1926 Anno.).  (2, 3, 4) Workmen's Compensation Acts, 120 (1926 Anno.).  (5) Workmen's Compensation Acts, 125 (1926 Anno.)   (6) Workmen's Compensation Acts, 121 (1926 Anno.)

From Clackamas: JAMES U. CAMPBELL, Judge.

In Banc.

The respondent, Jack J. Meaney, moves to dismiss the appeal of the appellant, State Industrial Accident Commission, on three grounds:

First: That appellant has neither filed nor served an abstract of record herein as required by law and the rules of this court, at any time or at all.

Second: That appellant has neither filed, prepared, nor submitted a bill of exceptions nor a transcript of evidence prior to filing and serving brief of appellant, at any time, or at all.

Third: That defendant failed to move, demur or answer, or otherwise plead in the lower court, or take any exceptions to any rulings thereof.

MOTION DENIED.

For the motion, *Mr. Milo C. King.*

*Contra: Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General.

See 4 C. J. 388, 406, 602.

COSHOW, J.—Within thirty days after giving notice of appeal the appellant filed a transcript in this court. Within twenty days thereafter, appellant filed a printed abstract and brief under one cover. The printed abstract contains only the judgment rendered in the Circuit Court so far as the record discloses. That judgment includes the verdict of the jury. It contains some other matters, which respondent alleges are not in the record.

1, 2. There is, therefore, a printed abstract of record on file in this court. If the respondent is not satisfied with the printed abstract, he should avail himself of the privilege granted under Rule 7 of this court, 100 Or. 745. It is not objectionable that the abstract of record is included under the same cover with appellant's brief. Where the record is short and the brief small, it is economical to include both documents under one cover where that can be done conveniently. The respondent is in no way injured thereby.

3. It is not necessary, under the rule of the court or the statute, for the appellant to have filed a bill of exceptions or transcript of evidence in advance of filing an abstract of record and his brief: *Rickey v. Ford*, 2 Or. 251; *Pittman v. Pittman*, 3 Or. 472. The bill of exceptions is not a prerequisite to the submission of the cause on appeal in this court. When no bill of exceptions is prepared, the questions to be considered by this court are limited; but the jurisdiction of the court does not depend on a bill of exceptions or the transcript of evidence in an appeal from a judgment at law: *Nosler v. Coos Bay etc. Nav. Co.*, 40 Or. 305 (63 Pac. 1050, 64 Pac. 855).

4. The third cause assigned for dismissing the appeal is directed rather to the merits of the case

than to a failure on the part of appellant to follow the procedure prescribed for conferring jurisdiction on this court. It has been repeatedly held in this court, that the merits of the case will not be considered on a motion to dismiss an appeal: *Stacey v. McNicholas*, 76 Or. 167, 173, 175 (144 Pac. 96, 148 Pac. 67); *Mendenhall's Will*, 43 Or. 542 (72 Pac. 318, 73 Pac. 1033).

The motion to dismiss is denied with permission to renew it when the case is presented on its merits.

MOTION DENIED.

### ON THE MERITS.

The plaintiff was injured while in the employ of the L. B. Menefee Lumber Company, April 1, 1915. Both the employer and employee were subject to the Workmen's Compensation Act. This appeal is brought here by the State Industrial Accident Commission from the judgment of the Circuit Court in favor of the plaintiff Jack J. Meaney. The judgment is based upon a verdict of a jury. So far as this appeal is concerned, the cause was initiated with the following statement of plaintiff's claim:

"Industrial Accident Commission Court of the State of Oregon, County of Clackamas.

"Jack J. Meaney vs. State Industrial Accident Commission. Claim No. 3404.

"Jack J. Meaney above named alleges:

I.

"That for 12 years last past he has been a resident of the town of Milwaukie, Clackamas County, Oregon.

II.

"That for more than a year prior to the first day of April, 1915, said Jack J. Meaney was a workman in the employ of the L. B. Menefee Lumber and Shingle Company at said town; and on said date while engaged at his occupation of lumber and shingle handling and tallying, he was struck by a

68-pound shingle bolt which fell, or was thrown from the floor above where he was working, striking him on the head causing such total and permanent injury and fracture of the skull as to prevent him from resuming his regular employment, and permanently incapacitating him from performing any work at any gainful occupation or earning any wages to support himself, wife and five dependent children or any one of them.

### III.

"That the flesh wound of the head has healed, otherwise his physical condition as well as pain of the head is no better than it was at the time the skull was fractured. He derives no adequate rest from the sleep that he gets, though he is drowsy nearly all the time, and as much in the day as at night. It is impossible for him to work at anything that requires any bending or stooping, or which causes a heating of the body, such as chopping wood, milking cow, or going up or down stairs,—exertion of any kind causing dizziness, fainting tendencies, and general sickness has taken him to his bed.

"On the advice of his physician, he has been taking exercise he can stand, such as an early morning walk, or driving an easy running automobile or auto-delivery. At wood splitting at one time, he fainted and fell heavily on some wood chunks to the breaking of two of his ribs which were treated by Dr. Taylor, of Milwaukie, Oregon.

### IV.

"Said workman further alleges that he is entirely without earning capacity or property or means of support of himself or family, all of which is entirely due to the accident and injuries received as aforesaid, while his disability is aggravated and credit impaired by the uncertainty, interruptions and reductions attending receipt of compensation due him under the Workmen's Compensation Act of the state. For more than twenty years prior to his said injuries, he was never without proper or adequate family support supplied wholly by his daily earnings which were in excess of twice $50.00 per month.

He never knew what it was to be without work, or bread in the house; or not working or not being able to work or earn wages, till the said accident placed him fairly, squarely and permanently under the said Compensation Act. By reason of his said injuries, which are total and permanent, he has, for more than 5 years last past, been unable to earn a dollar, nor get hold of a dollar, that is or was not donated by charity or received from the earnings of his son, Alvie Meaney, or from his diminished allowance from the funds of the State Industrial Accident Commission. As to moneys derived from his own earnings, said workman further says that the amount thereof, as based on his earning capacity, is negligible. That is to say, certain amounts received on account of time devoted to merchandise delivering, have been paid to him, not as wages actually earned but as a matter of charity, which commenced at war time when old men and others, however incapacitated took the place of able-bodied men. When Dahlman and Johnson merchants of Milwaukie, choose to discontinue such charity, said workman is not, and will not, be able to get hold of a dollar as wages, or otherwise from any source.

### V.

"Said workman further says that at the time of his said accident and injuries from which he has no hopes of recovery, he was a contributor to, and entitled to participate in, the Workmen's Compensation Fund of the state of Oregon for the full sum of $50.00 per month and received compensation therefrom regularly for seven months at the rate of $50.00 per month up to and including the month of October, 1915, when said compensation was discontinued without any explanation, excuse, or reason or right under the law or the facts. He was put to the trouble for about six months thereafter to re-establish his just claim to full compensation, when he received the additional sum of $250.00; and thereafter he received $50.00 monthly up to and including the month of November, 1916, when his compensation was once more discontinued without notice nor rea-

son given, and without the least warrant or right under the law or the facts. Some months thereafter, on perfecting of appeal proceedings, he was again reinstated, and back compensation of some $400.00 was paid, and full compensation of $50.00 per month continued up to and including the month of May, 1919, when his said compensation was again ruthlessly discontinued. In February, 1920, after investigation by Governor's Committee, said workman was again reinstated but delinquent payments were not made nor full payment resumed.

### VI.

"By reason of the premises and of said workman's total and permanent disability as aforesaid he is, and at all times herein mentioned has been, entitled to receive from said Workmen's Compensation Funds the full sum of $50.00 per month; and there is now delinquent and due him the sum of $2400.00, or $50.00 monthly from June 1, 1919, to June 1, 1923, no part of which has been paid, except the sum of $1163.34.

"Wherefore the unpaid sum of $1236.66 together with future payments of $50.00 monthly, as they become due, is hereby respectfully requested and demanded."

This claim was duly verified. The plaintiff received from the Commission the following letters:

"Salem, Oregon, May 22, 1923.
"Milo C. King,
    "271½ Grand Ave., Portland, Oregon.
        "Claim No. 3404—Jack J. Meaney.
"Dear Sir:
"This is to acknowledge receipt of your letter of May 17, inclosing complaint of the above named workman, who was injured April 1, 1915, while in the employ of the L. B. Menifee Lumber Company.
"This is to inform you that this matter will be submitted to the Commission for its consideration and you will later be advised what action is taken.
                "Very truly yours,
            "STATE INDUSTRIAL ACCIDENT COMMISSION.
                "W. J. PAGE, Claim Agent."

"June 5, 1923.
"Milo C. King,
   "271½ Grand Ave., Portland, Oregon.
        "Claim No. 3404—Jack J. Meaney.
"Dear Sir:
   "Replying to your letter of May 17, and your complaint which was inclosed in connection with the above named case this is to advise that the Commission has considered this matter and finds no reason for reopening this man's claim.

   "Our records show that this man sustained an injury in 1916 (incorrect), and was paid temporary total (the same amount as permanent total) disability for a long period of time, and then granted an award for permanent partial disability which he had. This award was paid in monthly payments as provided by law and the same has now expired. The Commission accordingly does not feel (discretion) that the man is entitled to anything further.

   "We are returning herewith the original copy of your complaint as requested in your letter of May 17.

"Very truly yours,
"STATE INDUSTRIAL ACCIDENT COMMISSION,
"W. J. PAGE, Claim Agent."

The plaintiff thereupon appealed to the Circuit Court for Clackamas County, the place of residence of the plaintiff. The State Industrial Accident Commission did not appear by any pleading of any kind. Its attorney sat in during the trial and cross-examined the witnesses adduced by the plaintiff.

The judgment appealed from is in words and figures as follows, to wit:

"This cause coming on for trial, with the intervention of a jury; the plaintiff appearing in person and by his attorney, Milo C. King, and the defendant appearing by Dep. Attorney General James West; testimony of plaintiff and his witnesses and documentary proofs being submitted; the jury having

retired to determine questions as to the incapacity of the plaintiff, returned the following verdict:

" 'We, the jury empaneled to try the above entitled action, answer the questions submitted as follows:

" '1. Was Mr. Meaney disabled by reason of the injury complained of? Answer. Yes.

" '2. How long did that total disability continue? Answer. To date.

" '3. Is the total disability permanent? Answer. Yes.'

"The court being fully advised in the premises, it is hereby considered, ordered, adjudged and decreed that the plaintiff recover of and from the defendant the sum of $1236.66, representing the unpaid amount of compensation accrued to June 1, 1923, and together with costs and disbursements herein expended.

"It is further ordered that said defendant issue the necessary voucher or warrant for the payment of the above from the Workmen's Compensation funds of the State of Oregon.

"Done in open court, at Oregon City, Ore., this 1st day of February, 1924."

No motion to dismiss for want of jurisdiction was made to the Circuit Court. Defendant appeals assigning five errors, the first and last only of which we deem it necessary to consider, the other three having been abandoned at the argument. The errors to be considered are as follows:

"The court was without jurisdiction herein either of the subject matter, or of the parties."

"The court erred in assuming to *mandamus* an office, as *mandamus* will lie only against individuals."

The defendant has presented no bill of exceptions. The files and records of the State Industrial Accident Commission, pertaining to the claim of plaintiff, have not been brought to this court. For that reason,

the plaintiff moved to dismiss the appeal.   This motion was denied on the eighth day of July, 1924, with permission to renew the same when the cause came on to be heard on its merits.   The plaintiff, at the oral argument and in his brief, renews his motion to dismiss the appeal.       MODIFIED.   COSTS TAXED.

For appellant there was a brief over the names of Mr. I. H. Van Winkle, Attorney General, and Mr. Miles McKey, Assistant Attorney General, with an oral argument by Mr. McKey.

For respondent there was a brief and oral argument by Mr. Milo C. King.

COSHOW, J.—5. The motion to dismiss the appeal must be denied.   The question of jurisdiction can be raised at any stage of the proceedings and inasmuch as the defendant has raised that question on this appeal, it was not necessary to file a bill of exceptions in order to confer jurisdiction on this court. A proper notice of appeal was given and served.   A transcript has been filed.

6. The principal contention of the defendant is that the Circuit Court was without jurisdiction of the parties and the subject matter, because the appeal was not taken from the final action of the State Industrial Accident Commission.   It is contended by the defendant State Industrial Accident Commission that the letters written by it and set out above were mere narratives of past actions and did not constitute any final action of the Commission within the terms of Section 6637, Or. L., as amended by Chapter 311, Laws 1921.   Our view is, that the letters constitute more than mere narratives.   The first letter acknowledges the receipt of the complaint of the plaintiff and

informs the plaintiff that the matter will be submitted to the Commission for its *consideration*. The next letter is dated June 5, 1923, and recites:

"Replying to your letter of May 17, and your complaint which was inclosed in connection with the above named case this is to advise that the Commission has *considered* this matter and finds no reason for reopening this man's claim. * * "

7. The word "consideration" is the technical term to indicate that a tribunal has heard and judicially determined a matter submitted to it. It is the proper term to be used in a judgment of the court. It therefore indicates that the Commission did take final action upon the plaintiff's application to be reinstated after his allowance had been terminated. This brings the plaintiff directly within the terms of the act and entitles his claim to be considered by the State Industrial Accident Commission, from whose action thereon, he has a right of appeal. Section 6626(i), Or. L., expressly provides for the condition set out in plaintiff's complaint.

"If aggravation, diminution or *termination* of disability takes place or be discovered after the rate of compensation shall have been established or compensation *terminated* in any case, the commission may, upon application of the beneficiary, or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided, or, in a proper case, terminate the payments."

8. This court has ruled directly against the contention of the defendant to the effect, that the Circuit Court was without jurisdiction to entertain the appeal. In *Benson* v. *State Industrial Accident Commission*, 108 Or. 565, 570, 571 (215 Pac. 878); *Grunnett* v. *State Industrial Accident Commission*, 108 Or. 178

(215 Pac. 881), and in *Chebot* v. *State Industrial Accident Commission*, 106 Or. 660, 671 (212 Pac. 792), this court ruled that the right of appeal was not limited to the final action of the State Industrial Accident Commission on the original application, but that a claimant had the right of appeal from any subsequent final action of the Commission on an application for allowance based upon aggravation of the injury or the termination of an allowance theretofore made. We are persuaded that this rule is correct and it is adhered to. The Commission is not in a position to complain about the informality of its final action appealed from in the instant case in view of its conduct regarding the case. For it appears from the complaint, set out in the statement above, in paragraph V, that the Commission on its own motion and without notice to the plaintiff, stopped payments of the allowance as originally made more than once, and also reduced the allowance at another time without notice to the plaintiff. Upon the latest action of discontinuing the payment, the plaintiff applied to be reinstated and his application was refused. These allegations are confirmed by the verdict rendered by the jury impaneled in the Circuit Court. Both the defendant and this court are precluded now from inquiring into the facts further. The defendant ought not to be heard, in view of the allegations in said paragraph V in the complaint, and defendant's letters set out above, to say that it did not take final action on the application of the plaintiff for reinstatement duly and formally presented to the State Industrial Accident Commission.

9. The defendant complains that the judgment rendered by the Circuit Court in the instant case upon the verdict is improper, and amounts to a *mandamus*

upon the State Industrial Accident Commission.  No motion was made in the Circuit Court to correct the judgment, and that question is presented here for the first time.  The alleged error is not based upon any ruling of the court.  It is doubtful whether the question is properly presented to this court.  The statute prescribes the form of the judgment to be rendered in a case of this kind.  It is as follows:

"In case of a modification or reversal the Circuit Court shall refer the same back to the commission with an order directing it to fix the compensation in accordance with the schedule of compensation set forth in this act.  The costs of such proceedings, including the prevailing fee of $10, shall be taxed against the unsuccessful party."  Section 6637, Or. L., as amended by Chapter 311, Laws 1921.

It thus appears that the judgment rendered is not strictly in accordance with this provision of the statute.

The error, however, is one merely of form for no doubt the computation made by the learned Circuit Judge is in accordance with the schedule embodied in the statute.  The judgment should have substantially followed the statute.

10. We are constrained to suggest again, that under the provisions of Section 983, Or. L., the issues could have been properly framed and the instant case tried in the Circuit Court in an orderly manner. That section reads as follows:

"When jurisdiction is, by the organic law of this state, or by this Code or *any other statute,* conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by this Code, any suitable process or mode of proceeding may be adopted

which may appear most conformable to the spirit of this Code.''

*Butterfield* v. *State Industrial Accident Commission,* 111 Or. 149   (226 Pac. 216, 219, par. 7); *Thompson Estate Co.* v. *Kamm,* 107 Or. 61, 70 (213 Pac. 417, 28 A. L. R. 722); *State* v. *Chase,* 106 Or. 263, 269 (211 Pac. 920); *Walters* v. *Waggener,* 104 Or. 682, 702 (208 Pac. 753); *Williams* v. *Pacific Surety Co.,* 66 Or. 151, 155 (127 Pac. 145, 131 Pac. 1021, 132 Pac. 959, 28 A. L. R. 722); *State* v. *Chase,* 106 Or. 263, 269 (211 Pac. 920); *Walters* v. *Waggener,* 104 Or. 682, 702 (208 Pac. 753); *Williams* v. *Pacific Surety Co.,* 66 Or. 151 (127 Pac. 145, 131 Pac. 1021, 132 Pac. 959, 133 Pac. 1186); *Aiken* v. *Aiken,* 12 Or. 207 (6 Pac. 682).

11. The plaintiff, in the instant case, framed a claim in the nature of a complaint. He alleged in great detail the facts upon which he relied in order to be reinstated by the State Industrial Accident Commission. The defendant did not traverse any of these facts, but permitted the issues to go to trial without filing or presenting any form of pleading. We believe it should have formally traversed such facts as it did not desire to admit, and thus raise an issue clearly and definitely defined. In this manner the provision of Section 6637, Or. L., as amended by Chapter 311, Laws 1921, to the effect that the case thereafter shall be tried as other civil cases in said court, could have been literally complied with. By conforming to this procedure, there would be no confusion in the trial of a case appealed from the action of the State Industrial Accident Commission either in the Circuit Court or in this court.

The plaintiff, who is respondent here, claims that attorney's fees should have been allowed him. He has cited no statute of the state allowing attorney's

113 Or.—25

fees to the plaintiff in appeals from the action of the State Industrial Accident Commission. In the absence of such a statute, the court is without power to award attorney's fees to the plaintiff.

The case is remanded to the Circuit Court with instructions to modify its judgment so as to conform to the provisions of said Section 6637, Or. L., as amended by Chapter 311, Laws 1921. With this modification the judgment is affirmed with costs in favor of the respondent.

MODIFIED. COSTS TAXED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.