Argued July 1, affirmed July 28, 1925.

## EDWARD J. WEST *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

(237 Pac. 980.)

**Master and Servant—Circuit Court, Reversing Order of Industrial Commission on Appeal, may Order Payment of Compensation Subsequent to Date Order Appealed from.**

On an appeal from an order of the Industrial Accident Commission, denying claimant compensation after certain date, the Circuit Court, in reversing the commission's order, may properly direct the payment of compensation subsequent to date of such order appealed from, in view of Section 6637, Or. L., providing that on appeal from findings of commission cases shall be tried as other causes in said court, and also since to require otherwise would cut plaintiff's claim into several causes of action.

---

See (1) Workmen's Compensation Acts, **C. J.** 124.

Appeal and review of findings by Industrial Accident Commission, see note in **L. R. A.** 1916A, 266.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Miles H. McKey,* Assistant Attorney General, with an oral argument by *Mr. McKey.*

For respondent there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

BROWN, J.—On June 28, 1923, Edward J. West, while in the employ of the Whitney Company, and being subject to the provisions of the Oregon Workmen's Compensation Law, suffered an accidental personal injury. Thereafter, he filed with the State Industrial Accident Commission his claim for compensation, which the Commission designated as Claim No. 159,027. On May 5, 1924, the Commission, by its final order, found that the claim was in due and proper form and filed within the time required by law; that the personal injury sustained by West arose out of and in the course of his employment; that he was disabled for six days and was entitled to compensation for that period of time in the amount of $22.38, being at the rate of $97 per month, in full settlement of all claims arising out of that injury. On July 2, 1924, West filed his notice of appeal to the Circuit Court of the State of Oregon for Tillamook County. On trial the cause was submitted to the jury upon interrogatories prepared by the court as follows, to wit:

"We, the jury duly selected, impaneled and expressly accepted and sworn to determine the facts in the above entitled cause, do answer the questions submitted to us as follows:

"1. Q. Has claimant suffered a temporary, total disability since September 4, 1923, as a result of injuries received by him on June 28, 1923? A. Yes.

"2. Q. If you answer Question 1 'Yes,' for what period of time did such temporary total disability continue after September 4, 1923 (Specify in months and days)? A. Nine months, 26 days.

"3. Q. If you answer Question 1 'Yes,' and find that claimant's disability of total temporary disability has ceased to exist, has claimant since the termination of his total temporary disability suffered from partial temporary disability as a result of injuries received June 28, 1923? A. Yes.

"4. Q. If you answer Question No. 3 'Yes,' what was the degree of such partial temporary disability in per cent., and on what date did such temporary partial disability cease, if it has ceased? A. 50%. Fifty per centum.

"5. Q. Has the claimant fully recovered from all disability at this time? A. No.

"Dated this 9th day of October, A. D. 1924.

"R. B. Miller,
"Foreman."

The jury found, among other things, that the claimant was totally disabled from September, 1923, until July 1, 1924. Based upon the verdict, the court adjudged and decreed that the order of the State Industrial Accident Commission made on May 5, 1924, be reversed and annulled in so far as it denied compensation to West from and after September 12, 1923. It was further decreed that the cause be remanded to the Commission with directions to allow claimant compensation in accordance with the findings made by the court and in accordance with the schedule of compensation set forth in the statute.

The abstract of record sets out a number of assignments of error; but, in its brief, the Commission rests its case upon the contention that "the Circuit Court attempted by this judgment to assume jurisdiction of the award of compensation to the claimant subsequent to the date of the order of the Commission from which West appealed." The Commission admits that the court had jurisdiction to determine the degree of West's disability up to and including the date of the order made on May 5, 1924, from which the appeal was taken, but insists that the judgment of the Circuit Court should be modified wherein it directs that compensation be awarded to West for any period of time beyond that date.

In considering this cause, we are mindful of the fact that the claim for compensation filed with the Commission is the identical claim embraced within the cause of action tried in the Circuit Court. However, several months had intervened between the date of the order of the Commission and the date of the trial.

Section 6637, Oregon Laws, provides that, upon appeal from the findings of the Commission, "the case thereafter shall be tried as other cases in said court." Upon an appeal being taken, it is the duty of the court to determine whether the Commission has justly considered all the facts concerning the injury, and whether it has misconstrued the law and facts applicable to the case. The act provides:

"In case of a modification or reversal the Circuit Court shall refer the same back to the commission with an order directing it to fix the compensation in accordance with the findings made by the court; provided, that any such award shall be in accordance with the schedule of compensation set forth in this act."

What was the claim tried in court upon appeal? It involved a consideration and determination of the extent and duration of the injury admitted by the Commission to have been sustained by the protected workman on June 28, 1923. Hence, the facts applicable to the case having been determined by the Circuit Court, the claim was properly referred back to the Commission with directions to fix the compensation in accordance with the statutory schedule.

In the case at issue the Circuit Court followed the procedure that has been sanctioned by this court in a number of decisions, and we shall not depart therefrom: See *Grant* v. *State Industrial Acc. Com.*, 102 Or. 26 (201 Pac. 438); *Iwanicki* v. *State Industrial Acc. Com.*, 104 Or. 650 (205 Pac. 990, 29 A. L. R. 682); *Chebot* v. *State Industrial Acc. Com.*, 106 Or. 660 (212 Pac. 792); *Benson* v. *State Industrial Acc. Com.*, 108 Or. 565 (215 Pac. 878).

In *Raney* v. *State Industrial Acc. Com.*, 85 Or. 199 (166 Pac. 523), this court approved the following quotation from Workmen's Compensation, L. R. A. 1916A, 266:

"In general, it may be said that the statutes have attempted to provide for procedure that is simple, flexible, and speedy."

We can see no good reason for cutting plaintiff's claim for compensation into several causes of action. One of the ends of the Workmen's Compensation Law is to diminish, not to increase, litigation; and the provisions thereof should be liberally construed so as to effect the accomplishment of its beneficent purposes: *Raney* v. *State Industrial Acc. Com., supra; Farrin* v. *State Industrial Acc. Com.,* 104 Or. 452

(205 Pac. 984); *Benson* v. *State Industrial Acc. Com.,* *supra.*

This case is affirmed.        ˎ AFFIRMED.

MCBRIDE, C. J., and BEAN and BELT, JJ., concur.