## HAY vs. ESTELL and others.

1. Exceptions will not lie to the return of commissioners in a suit for partition. The correct practice in such case is by motion to suppress the return.

2. The court will set aside and quash the return of commissioners of partition when the partition has been made upon wrong principles, or in disregard of the rights of the parties, or where there is great and evident inequality in the division. But to set aside a partition for mere inequality, when there is no partiality or improper conduct of the commissioners, the proof must be clear, and the inequality considerable.

3. The theory that commissioners in partition are, like arbitrators, judges voluntarily chosen by the parties to decide between them, and therefore they are concluded by their judgment, whether right or wrong, if not given corruptly or through favor, dissented from.

4. The question to be considered by the court, on motion to quash the partition, is, whether the inequality is more than can be fairly accounted for by the difference in judgment between men of discretion in valuing the property.

5. It is not of itself sufficient to set aside a partition, that the commissioners gave to one of the tenants nearly the whole of by far the most valuable part of the tract to be divided.

6. Return ordered to be quashed, and a new commission to issue to other commissioners, unless complainant pay defendant $600 for owelty.

On exceptions to report of commissioners of partition making partition, and proofs taken in support of them.

*Mr. J. T. Nixon*, for infant defendants, exceptants.

The case arises upon exceptions filed to the report of partition made by the commissioners.

The court is asked to set aside the report upon the ground of inequality of division, and appoint new commissioners, although there is no charge of partiality or fraud. 2 *Dan. Ch. Pr. (Perkins' ed.)* 1334; *Riggs* v. *Dickinson*, 2 *Scam.* 438; *Story* v. *Johnson*, 1 *Y. & C. Ex. R.* 538; *Manners* v. *Charlesworth*, 1 *M. & K.* 330.

*Mr. P. L. Voorhees*, for complainant, contra.

THE CHANCELLOR.

This matter comes up on exceptions taken by the defendants to the report of the commissioners making partition. The first question is the objection raised to the mode of bringing the matter before the court.

Exceptions are the proper mode established by the practice of the court of objecting to the sufficiency of an answer, and to a master's report; but the practice of filing exceptions is not established in any other case. In several cases in the English Chancery Reports, mention is made of taking exception to the return or certificate of commissioners; but on close examination, it will be found that, in these cases, there were motions or petitions to suppress or quash the return, and that the "exceptions taken" refer to the grounds on which the application was based. This is so in *Manners* v. *Charlesworth*, 1 *M. & K.* 330, and in *Watson* v. *North-*

*umberland*, 11 *Ves.* 153; and in the note to the last mentioned case, *p.* 157, referring to the exceptions taken in *Turner* v. *Morgan*, there is nothing from which it must be inferred that the term is used to designate anything beyond the objection made. The opinion of Chancellor Green, in *Bentley* v. *The Long Dock Company*, 1 *McCarter* 482, is authority that the correct practice in such case is not by exceptions, but by motion to suppress the return; and he is fully supported in this by *Jones* v. *Totty*, 1 *Sim.* 136, and *Corbet* v. *Davenant*, 2 *Bro. C. C.* 252; and the cases of *Watson* v. *Northumberland*, and *Manners* v. *Charlesworth*, correctly considered, support this view. It is laid down also in 2 *Dan. Chan. Prac.* 1130.

But the complainant consents to waive the objection to the mode of bringing up the matter, and to have the question considered as if brought up and the depositions taken on a motion to quash or suppress the return.

The ground on which the suppression is moved for is, that the partition is grossly unequal, and that of the three commissioners who were nominated by the complainant, two of them were surveyors who had formerly been in the employ of the complainant; the defendants being infants.

The court will set aside and quash the return of commissioners of partition, when the partition has been made upon wrong principles, or in disregard of the rights of the parties, or where there is great and evident inequality in the division. But to set aside a partition for mere inequality, when there is no partiality or improper conduct of the commissioners, the proof must be clear, and the inequality considerable. *Story* v. *Johnson*, 1 *Y. & C. Ex. R.* 538; *In matter of Thompson's estate*, 2 *Green's C. R.* 637.

Lord Brougham, in *Manners* v. *Charlesworth*, 1 *M. & K.* 330, although he gives great weight to the acts of the commissioners, does not hold that their partition cannot be set aside for inequality in value of shares.

I cannot agree with the theory that commissioners are, like arbitrators, judges voluntarily chosen by the parties to

decide between them, and therefore they are to be concluded by their judgment, whether right or wrong, if not given corruptly, or through favor. Parties are compelled to make partition, as in this case, against their will, and the commissioners are appointed by the court; though the parties will be allowed to nominate, yet the court appoints. And when, as in this case, the defendants are infants, they cannot choose, and often they are nominated by the one party alone.

The question which should be considered by the court, on motion to quash the partition, is, whether the inequality is great—more than can be fairly accounted for by the difference in judgment between men of discretion, in valuing the property.

In this case, the proof satisfies me that there is considerable inequality. There is no proof whatever of any unfairness or improper conduct on part of the commissioners. It was right that they should assign to the complainant his three fourths, if practicable, in one tract. Nor is it sufficient to set aside the partition, that they gave to him nearly the whole of the cedar swamp, by far the most valuable part of the tract to be divided; though in cases where it can be done without injury to the value of the estate, it is better that a part of every distinct kind of property should be assigned to each tenant, especially of property that far exceeds the other in value.

My conviction from the whole evidence is, that the land allotted to the complainant, over and above the twelve acres of cedar swamp, was double the value of the land allotted to the defendants, and that the partition is unequal by the value of that cedar swamp, which is worth about $2000. This is too great an inequality to be passed over in the confirmation of the partition. I know that this conclusion is founded upon the opinions of witnesses against the opinions of the commissioners. But the great weight of evidence is on one side. The complainant has examined few or no witnesses; the commissioners have been examined, but only to show that they intended to act honestly, for which purpose

in this case, as remarked by Chief Baron Lyndhurst in *Story* v. *Johnson*, their testimony was superfluous.

Besides, in this case, none of the safeguards for a fair partition, mentioned by Lord Brougham in *Manners* v. *Charlesworth*, were or could be observed. The shares could not be partitioned by lot; nor could one divide and the other choose. The commissioners were named by the complainant, and he chose to name two surveyors, who had both been in his employ. And, although it may not be possible to allege anything against the character or fairness of these commissioners, it is very difficult for me, against the weight of the evidence, to confirm the partition, merely because it was the judgment of these commissioners, circumstanced and nominated as these were, more especially as the defendants are infants.

With these views, I must quash this return of partition, and direct a new commission to issue to other commissioners, unless the complainant will agree to pay to the defendants $600 for owelty or equality of partition; that sum, from the evidence, being necessary, in my view, to make the partition equal.