## HALL vs. PIDDOCK and others.

1. A court of equity will not interfere with proceedings for partition commenced at law, unless such interference becomes necessary to protect some party thereto from fraud or wrong, or to secure to him some clear right which the law tribunal, from the manner of proceeding before it, cannot secure. For such purpose courts of equity will interfere to prevent a failure of justice and loss of rights.

2. A tenant in common, who has made improvements on the land held in common, is entitled to an equitable partition. The only good faith required in such improvements is that they should be made honestly, for the purpose of improving the property, and not of embarrassing his co-tenants, or encumbering their estate, or hindering partition. The fact that the

tenant making such improvements knows that an undivided share in the land is held by another, is no bar to equitable partition.

3. It is no bar to allowance for improvements in equalizing the partition, that the improvements were made by tenants in common in reversion, during the previous life estate.

4. Reference to a master, with specific instructions, to ascertain and report whether partition cannot be made by payment of owelty ; if not, sale will be ordered and improvements allowed for out of proceeds.

5. Costs and expenses of defendants in the proceedings at law for partition, those proceedings being authorized by statute, and arrested by this court in order to more complete equity, will be allowed out of proceeds of sale.

The argument of this cause was had upon the bill, answer, and proofs.

*Mr. L. Zabriskie*, for complainant.

*Mr. G. A. Allen*, for defendants.

THE CHANCELLOR.

The object of the bill in this case is to restrain partition proceedings commenced at law, and for an equitable partition in this court. Courts of law have jurisdiction of partition as well as courts of equity, and when proceedings have been commenced at law the tribunal must retain the jurisdiction, and a court of equity will not interefere with it, unless such interference becomes necessary to protect some party thereto from fraud or wrong, or to secure to him some clear right which the law tribunal, from the manner of proceeding before it, cannot secure. For such purpose, courts of equity in exercising one of their principal functions, which is to remedy injustice occasioned by the strict rules of the law and the manner of proceeding in courts of law, will interfere to prevent a failure of justice and loss of rights.

In this case the complainant is tenant in common with the defendants, of an acre of land partly covered with buildings, situate in the county of Hunterdon, of which he

owns three-fourths, and the defendants one-fourth. He claims that the buildings on the land were erected by those under whom he derives his title to the three-fourths, and that no part were erected by the defendants, or those under whom they obtained title.

The land belonged to Abraham Van Horn, who died in 1813. He devised it to his wife for life, and then to trustees for his son Matthew for his life, and at the death of Matthew to his four sons. The widow, Matthew, and three of his sons, conveyed the land to Abraham L. Voorhis, covenanting that the fourth son, George, should convey when of age. Abraham L. Voorhis conveyed to D. Sanderson, who supposed that the title was perfect, and erected some buildings; Sanderson conveyed to John Hall, who supposed the title good, erected other buildings at considerable expense, and kept a hotel in the mansion-house built by him on the premises. There were no improvements on the premises when conveyed to Abraham L. Voorhis. In 1865 Matthew died, and on the 1st of April of that year his son George conveyed his fourth to the defendants. Hall, believing his title good, denied their right, which they established by bringing an ejectment. The defendants then applied to the Chief Justice for the appointment of commissioners to divide, under the statute for the more easy partition of lands; and such proceedings were had on that application, that an order for sale was made before the complainant had any knowledge of the proceedings. The regularity and legality of these proceedings are not denied.

These facts stated in the bill are all admitted by the answer, except the allegation of the complainant, that he and those under whom he claims supposed that they had good title to the whole of the premises. Upon this point much evidence has been taken. But as this question, in the view I take of the matter, is not material to the decision, I shall not review this evidence.

The rule that a tenant in common, who has made improvements on the land held in common, is entitled to an

equitable partition, is well established and is hardly disputed by counsel. The only good faith required in such improvements is that they should be made honestly for the purpose of improving the property, and not for embarrassing his co-tenants, or encumbering their estate, or hindering partition. And the fact that the tenant making such improvements knows that an undivided share in the land is held by another, is no bar to equitable partition. No other want of good faith is alleged or contended for by the defendants in this cause.

The peculiarities of an equitable partition are, that such part of the land as may be more advantageous to any party on account of its proximity to his other land, or for any other reason, will be directed to be set off to him if it can be done without injury to the others; that when the lands are in several parcels each joint owner is not entitled to a share of each parcel, but only to his equal share in the whole; that where a partition exactly equal cannot be made without injury, a gross sum or yearly rent may be directed to be paid for owelty or equality of partition, by one whose share is too large to others whose shares are too small; and that where one joint owner has put improvements on the property, he shall receive compensation for his improvements, either by having the part upon which the improvements are assigned to him at the value of the land without the improvements, or by compensation directed to be made for them.

The doctrine as to allowance for improvements is laid down by Justice Story in 1 *Eq. Jur.*, § 655. It was recognized and acted on by the English Court of Exchequer in equity, in *Swan* v. *Swan*, 8 *Price* 518. By the courts of New York, in *Town* v. *Needham*, 3 *Paige* 553; *St. Felix* v. *Rankin*, 3 *Edw. Ch.* 323; *Conklin* v. *Conklin*, 3 *Sandf. Ch.* 65, and *Green* v. *Putnam*, 1 *Barb. S. C.* 500. And by this court, in *Brookfield* v. *Williams*, 1 *Green's Ch.* 341; *Obert* v. *Obert*, 1 *Halst. Ch.* 397, and *Doughaday* v. *Crowell*, 3 *Stockt.* 201.

In *Green* v. *Putnam* and *Brookfield* v. *Williams*, as in this case, the improvements were made by tenants in common in reversion during the previous life estate, which was held no bar to the allowance. And in *St. Felix* v. *Rankin*, *Conklin* v. *Conklin*, *Doughaday* v. *Crowell*, *Town* v. *Needham*, and *Brookfield* v. *Williams*, the complainants were the parties claiming the allowance. And the allowance in these cases was not made on the principle that a party asking relief in equity must first do what is equitable himself.

In making the partition in this case, if any can be made without great injury, the share or one-fourth to be allotted to the defendants, must, if practicable, be set off from such part of the premises as has no improvements upon it or improvements of small value, and must be equal in value, without improvements, to one-fourth of what would be the value of the whole tract if it had no improvements upon it.

I am not satisfied from the evidence that this tract cannot be partitioned in this manner without great injury. The report of the commissioners appointed by the Chief Justice, and his action in confirming it, do not affect the question as *res adjudicata*. There the direction was to divide the whole premises, including the buildings, into four equal shares, and to assign one share by lot to each of the original tenants in common. I am satisfied that the premises could not be divided in that manner without great prejudice to the owners.

In examining the map annexed to the answer, I see that the northeast side fronts on a public road, and that on the northwest side of the tract a lot of ninety feet in front, with a depth which might be extended to two hundred and forty-five feet, being nearly one-half of the whole tract, has upon it only a granary and a shed. If these are of small value, their value might be disregarded by consent of the complainant; or if they are, as seems probable, buildings that can be removed without much loss, the right to remove them within a reasonable time might be reserved to the complainant. Coupled with the right in equity to allow

a proper amount as owelty to equalize the partition, the evidence, which consists mainly of the opinions of witnesses without regard to these matters, does not convince me that a partition cannot be made without great injury.

It must, therefore, be referred to a master, to inquire into and report what would be the value of the whole tract if no improvements had been made upon it, and whether some part of the tract upon which no improvements have been made, or only improvements of small value, or that can be removed without material loss, cannot be set off, which will be, without improvements, equal in value to one-fourth of the value of the whole tract so ascertained; or whether such part cannot be set off in that manner by allowing or charging a reasonable sum for owelty. And whether such partition can be made without great prejudice to the owners of the property. And further to inquire into and report what is the present value of the premises with the improvements now standing on them, and also what has been the yearly net value of the premises from April 1st, 1865, when the defendants acquired their title to the one-fourth of it.

The defendants are entitled to such portion of the fourth of the net proceeds of the premises as belongs to the land. The proper way to ascertain and apportion that, is to give to the land such proportion of the whole net yearly value, as the value of the land bears to the value of the whole premises, and to award one-fourth of it to the defendants.

If it shall appear that the premises cannot be divided in the manner directed, a sale must be ordered, and out of the proceeds of the sale a proper allowance made for the value of the improvements put upon the premises. The part of the proceeds to be allowed for the improvements must be such proportion as the value of the improvements, that is, the excess of the value of the whole over the value of the land, bears to the value of the whole premises. The cases of *Conklin* v. *Conklin* and *Green* v. *Putnam*, are authority for such allowance out of the proceeds of the sale. In the last case, Justice Paige says : " Where one tenant in com-

mon lays out money in improvements on the estate, a court of equity will not grant a partition without first directing an account and suitable compensation, or else in the partition it will assign to such tenant in common that part of the premises on which the improvements have been made." And he directs a reference to inquire into the value of the buildings, and by whom paid for, and the amount of rents and profits, and by whom received, so that in case a sale should be ordered the proper allowance might be made.

The costs and expenses incurred by the defendants in the proceedings for partition begun by them, must be allowed out of the proceeds of sale; those proceedings were authorized by statute, and were arrested by this court in order that more full equity might be done between the parties than could be done at law.