GEORGE STANNARD vs. CHARLES SPERRY.

Hartford Dist., May T., 1888.  PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

In partition of real estate it is not necessary that a portion of each of several parcels should be set in severalty to each.  Any parcel may be set entire to any one of the owners.

The fundamental rule is only that the owners in common shall become owners in severalty in exact proportions in value to their respective interests in the common property.

The report of a committee under Gen. Statutes, § 1304, that it has aparted the property, is in legal effect that it has made such equal division.

If there is no illegality in the mode of proceeding and no intentional wrong doing, the finding of the committee is beyond revision or correction equally with the verdict of a jury.

[Argued May 1st—decided June 2d, 1888.]

SUIT for a partition of real estate; brought to the Superior Court in Middlesex County.  The court appointed a committee under the statute relating to partition, (Gen. Statutes, § 1304,) who made and reported to the court a partition of the property.  The defendant remonstrated against the acceptance of the report, the plaintiff demurred to the remonstrance, and the court (*Phelps, J.,*) sustained the demurrer, accepted the report and passed a decree establishing the partition.  The defendant appealed.  The case is fully stated in the opinion.

*L. Harrison* and *E. Zacher,* for the appellant.

1. While the finding of a committee in an ordinary case in equity, where not set aside for errors of law or for improper conduct, is conclusive upon the parties, yet no such rule has been laid down in this state with reference to the report of a committee appointed to make a partition.  Such a committee merely makes the partition and reports it to the court.  It makes no finding of facts.  The statute provides only for such a partition by the committee.  Gen. Statutes,

§ 1304.   And the committee in this case has found no facts. But there is nothing in the statute to indicate that the legislature intended to create a tribunal in such a committee whose action should be final.   Where facts are found by the committee, a court can act intelligently upon the report; but where no facts are found, how can the court, especially a court of equity, do justice to the parties, unless it can inquire whether the committee has acted impartially and fairly between the parties.  The rule that the report of a committee is final, certainly is not recognized in other states and countries, when the question has arisen in reference to the report of a committee or commissioners appointed to make a partition.   *Thomson's Estate,* 2 Green's Ch. R., 637 ; *Hay* v. *Estell,* 19 N. Jer. Eq., 133 ; *Riggs* v. *Dickinson,* 2 Scam., 437 ; *Story* v. *Johnson,* 1 Younge & Coll. Exch. R., 538, 546.

2. When there is great inequality between the portions aparted to the parties it has been held to be sufficient reason to set aside the report of the commissioners appointed to make the partition.   The allegation in the remonstrance to the acceptance of the report of the committee is—"Said committee in aparting said barns and barn-lot did not apart them equally, but the value of that aparted to the plaintiff far exceeded in value that aparted to the defendant.   The demurrer admits this allegation to be true.   In *Hay* v. *Estell,* supra, the court says:—"The question is whether the inequality is great, more than can be fairly accounted for by the difference in judgment between men of discretion in valuing property."   In that case the court was satisfied that the inequality was great and rejected the report on that ground.   Inequality in division has been held to be a good ground for the rejection of such a report in *Riggs* v. *Dickinson,* 2 Scam., 437 ; *Lucas* v. *Peters,* 45 Ind., 313 ; *Story* v. *Johnson,* 1 Younge & Coll. Exch. R., 538.

3. The committee exceeded its power in making the partition in the manner in which it was done.   By the deeds by which the parties obtained the title to the premises aparted, the intention of the grantor, (the father of the plaintiff and grandfather of the defendant,) evidently was that each

should have one half of each barn, that the lower barn lot should be divided equally, and that the plaintiff should have one half acre at the upper barn. By the report a barn is given to each, the lower barn lot is unequally divided, and the plaintiff is deprived of his half acre at the upper barn, which is given to the defendant, who does not want it. Under the deed to the plaintiff it was clearly the duty of the committee to set out the half acre at the upper barn to the plaintiff. The deed expressly gives this to the plaintiff and in the deed to the defendant the same half acre is excepted. In *Kelley* v. *Madden*, 40 Conn., 280, the court says : We know of no rule of division so satisfactory and so free from danger of working injustice as that which follows the legal title." And in *Ford* v. *Kirk*, 41 Conn., 12, where some of the parties wished a sale, this court said :— " The compulsory sale of one's property without his consent is an extreme exercise of power warranted only in clear cases. And in *Hay* v. *Estell*, 19 N. Jer. Eq., 136, the court says : " It is better that a part of every distinct kind of property should be assigned to each tenant, especially of property that far exceeds the other in value." In the case at bar is it not unwarrantable that the committee should have taken from the plaintiff the half acre and given the same to the defendant, when there was no apparent necessity for it? That the plaintiff may not be aggrieved is no justification for the committee, especially when the defendant is loaded with something that he does not want, and the plaintiff is relieved of something of which he desired to be unloaded, and is given something which he coveted and that the defendant desired to retain.

*W. F. Willcox*, for the appellee.

PARDEE, J. This is a complaint by a tenant in common for partition.

In 1865 George Stannard deeded to George Stannard, Jr., the plaintiff, an undivided half of a barn-lot, so called, being parcel of his homestead; also an undesignated, un-

located half acre at the upper barn, parcel of his home-
stead; also an undivided half of each of two barns on his
homestead. With the exception of these two undivided
portions of his homestead, he granted the remainder to his
grandson, Charles Sperry, the defendant, together with an
undivided half of each of the two barns.

George Stannard, Jr., brought his complaint to the Su-
perior Court asking for partition. It was referred to a com-
mittee. The committee made and reported to the Superior
Court a partition, setting to the defendant the whole of the
upper barn; also locating by metes and bounds, and setting
to him, the undivided half acre there which was deeded to
the plaintiff; and to the plaintiff the whole of the lower
barn, with one half of the barn-lot, by metes and bounds.

The defendant remonstrated against the acceptance of
the report of the committee for the following reasons:—

1. The committee erred in aparting to said Sperry the
one half acre of land at the upper barn, because he had no
interest in that half acre and never had or possessed an in-
terest in it.

2. In aparting to said Sperry the one half acre of land at
the upper barn, because in so doing the committee consid-
ered that he was tenant in common with said Stannard in
that half acre, whereas the deeds of George Stannard to said
George Stannard, Jr., and Charles Sperry show that said
Sperry was not a co-tenant in said half acre with said Stan-
nard.

3. In aparting said one half acre to said Sperry, because
the committee divested said Stannard of his title to the same,
he being the sole owner thereof.

4. In aparting to said Sperry the upper barn and to said
Stannard the lower barn, because this divested each of a
title in each barn, conveyed to each by a deed of gift.

5. Because the committee did not apart to each the shares
belonging to each in said barns and said lower barn-lot, as
expressed in the deeds conveying the same to them.

6. Because the committee, in aparting the barns and barn-
lot, did not apart them equally, but the value of that aparted

to said Stannard far exceeded in value that aparted to said Sperry.

7. Because the committee, in aparting the barn lot, aparted the southerly part of it to each of the parties, and failed to apart the northerly part.

The plaintiff demurred to the remonstrance; the court sustained the demurrer, overruled the remonstrance, accepted the report, and confirmed the partition. The defendant has appealed.

The effect of these deeds is the creation of a tenancy in common. The plaintiff and defendant each had the right to be in every part of both barns; also the right to be in every part of the land adjoining and underlying the upper one; also the right to be in every part of the barn-lot, so called; also the right of ingress and egress in respect to both.

The law does not require either that a portion of each barn, or of each parcel of land, should be set in severalty to each; only that partition shall be so made that owners in common shall become owners in severalty in exact proportion in value to their respective interests in the joint ownership. Therefore the premises in question may be regarded as one piece of land having two barns thereon; and partition may lawfully be so made as that each shall become the sole owner of a barn, and of a piece of land adjoining and underlying the same; provided always that this is done in subjection to the fundamental rule of partition above stated. Moreover, if the premises are two parcels of land, separated, the law permits the setting of the whole of one in partition to the plaintiff, and the whole of the other to the defendant. 1 Story Eq. Jur., § 657.

For the enforcement of the right of a tenant in common to ownership in severalty the statutes provide that a court of equity may make partition by itself, or by a committee of its appointment. In the hearing by a court or committee upon a petition for partition there are no formal pleadings. One thing only is possible, namely, to set to each tenant in

common by metes and bounds land equal in value to his proportion of the common property.

The report of the committee that it has aparted, is in legal effect a report that it finds the value of each part described by metes and bounds to be equal in value to any other part so described. Upon such hearing the parties in interest at their pleasure avail themselves of all legitimate methods for informing the committee. If they sit in silence it is to be presumed that they do so for the reason that they believed the committee not to stand in need of information. In the absence of averment and proof that the committee intentionally adopted another rule than that of equality in partition, the court will presume that rule to have prevailed. And under our system, whenever the court, or a committee of its appointment, finds a fact, such finding is beyond revision or correction, equally with the verdict of a jury, if there be no illegality in the mode of proceeding and no intentional wrong doing. Errors of judgment as to the value of property must stand uncorrected.

This is equally true of the finding of a committee appointed to hear and find in the place of and for the court. If its finding of facts is to be reviewed in every case by the court, its hearing becomes an useless expenditure of labor and money.

The defendant suggests that if this be so he is at the mercy of the committee as to the value of his part. But this fact does not vitiate the proceeding. That every person shall be at the mercy of some tribunal, both as to law and fact, is the only reason for the existence of a judicial system.

There is no error in the judgment complained of.

In this opinion the other judges concurred.