MARY BROPHY, complainant,

*v.*

BOARD OF EDUCATION OF THE BOROUGH OF WEST PATERSON, defendant.

[Decided May 15th, 1934.]

*Mr. Edward F. Merrey,* for the complainant.

*Mr. Samuel S. Black,* for the defendant.

LEWIS, V. C.

The rights of the parties are before this court for the second time. The deed on which the rights depend came before this court on a bill to quiet title, the decision in which is reported in *Board of Education of West Paterson* v. *Brophy, 90 N. J. Eq. 57; 106 Atl. Rep. 32.* At that time the premises in question were not in use at all. Since that time the board of education has put the building to use in part at least for other than school purposes.

In the prior case I stated: "I am inclined to the view that the original grant to the school district is a grant in fee-simple without condition or limitation, the grantor merely expressing the purpose which it was his desire or wish that the property should be used for. * * * If the issue were before me, I would be inclined to hold that the grantee took an unconditional fee." This question was not decided by me at that time because of the circumstances of the prior suit, but is now squarely before the court.

I see no reason to change my former view that the condition of the deed does not constitute a conditional limitation nor impose a condition subsequent. In the present suit it is now contended by the complainant, in addition to the claim of breach of condition, that the deed constituted a gift to a charitable use. I do not find that the language used is such as to create such a charitable use. The language used in the deed does not seem to be capable of such a construction.

I accordingly find that the deed conveyed an absolute fee and therefore the complainant has no rights in the premises.