96 N.J. Super. 142 (1967)
232 A.2d 670
ABNER E. EGGLESTON AND EDITH EGGLESTON, HIS WIFE; RICHARD S. SLACUM, VICTOR C. OTTO AND ETHEL M. OTTO, HIS WIFE; RODGER CHEETHAM AND EDITH CHEETHAM, HIS WIFE; HENRY REEVES AND FAY REEVES, HIS WIFE; MILLARD G. VANDERGRIFT, INDIVIDUALLY AND ON BEHALF OF AND IN THE NAME OF THE BOROUGH OF HADDONFIELD, NEW JERSEY, PLAINTIFFS-APPELLANTS,
v.
FREDERICK S. FOX, JR. AND FRANCES Y. FOX, HIS WIFE, AND CHARLES W. YOUNG AND ELIZABETH M. YOUNG, HIS WIFE, AND ALBERT BOYD SHARP, DEFENDANTS RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1967.
Decided June 9, 1967.
*144 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Edward J. Brady argued the cause for appellants (Mr. Joseph Pierce Lodge, attorney).
Mr. James Hunter, III argued the cause for respondents (Messrs. Archer, Greiner, Hunter & Read, attorneys for respondents Frederick S. Fox, Jr. and Frances Y. Fox, his wife; Mr. W. Thomas Grimm on the brief. Messrs. Miller, Myers, Matteo & Davis, attorneys for respondents Charles W. Young and Elizabeth M. Young, his wife; Mr. Daniel W. Myers, 2d, of counsel. Mr. Matthew F. Van Istendal, Jr., attorney for respondent Albert Boyd Sharp; Mr. Eivind H. Barth, Jr., of counsel).
*145 The opinion of the court was delivered by CARTON, J.A.D.
In May 1965 plaintiffs-taxpayers sued individually and on behalf of the Borough of Haddonfield to set aside a deed made by the borough to Charles W. Young pursuant to a resolution adopted in April 1962.
The challenged deed conveyed the municipality's interest in a parcel of landlocked property approximately 35 feet wide by 73 feet deep acquired by deed from an Elizabeth B. Stewart dated September 27, 1928. This parcel constituted the rear portion of a lot owned by Miss Stewart. The deed to the borough recited that Miss Stewart did "dedicate, grant, release and convey" unto the borough the premises in question "for public use as and for a portion of a street in said Borough * * *" 
"To have, hold and enjoy the easement above described unto the said party of the second part, its successors and assigns to the only proper use and benefit of said party of the second part its successors and assigns so long as the said street shall be and remain in use as such."
In 1946 Miss Stewart conveyed the entire lot in question by a metes and bounds description to defendant Charles Young, excepting therefrom the premises described in the 1928 "Deed of Dedication" to the borough. Plaintiffs claimed that the municipality had a "property right of value" in the premises which the municipality had no right to convey or give away for the nominal $1 consideration expressed in the deed. They argued that if the nature of the interest conveyed constituted a fee simple (as they maintained), the conveyance was illegal because of failure of the municipality to comply with the advertising and bidding requirements of N.J.S.A. 40:60-26, and that if such interest was deemed to be a dedication for street purposes, it could not be relinquished or extinguished except by ordinance vacating such interest. R.S. 40:67-19. Plaintiffs also charged fraud on the part of defendant members of the governing body in making the conveyance.
*146 Judge Wick, in dismissing the action, found that the municipal officials had acted in good faith, there was no proof of fraud on their part and, therefore, he could not substitute his judgment for their determination. He referred to the resolution adopted by the borough council which recited that the lands in question had never been and were not now used for the purposes described in the deed; that they are not presently being used for public street purposes and cannot be so used because of their position in relation to surrounding lands, and that Miss Stewart had, prior to her death, deeded the lands to defendant Young and that Young had requested the borough to extinguish its interest therein.
We affirm. Contrary to appellants' contention, the 1928 deed from Stewart to the borough conveyed neither a fee simple nor a perpetual easement. It conveyed, as the express terms of the deed indicate, an easement for use of the premises as a portion of a street so long as the street shall be and remain in use as such. The language used is the classic language characterizing a terminable interest as distinguished from one subject to a condition subsequent. The interest so conveyed expired by its own limitations.
Where there is a conveyance of a fee in this fashion, it is a fee simple determinable or a terminable fee. See 2 Powell, The Law of Real Property [hereinafter cited as Powell], § 187, at p. 44 (1966), where the author comments:
"When a limitation satisfies the requirements * * * of an estate in fee simple, and also provides that the estate shall automatically expire upon the occurrence of a stated event, then the limitation is effective to create an estate in fee simple determinable."
The intent of the conveyor that the estate in fee simple shall automatically expire upon the happening of the stated event may be expressed by any appropriate words. Such an intent is usually manifested by a limitation which contains the words, "so long as," "until" or "during," or a provision that upon the happening of a stated event the land is to revert to the conveyor. See Oldfield v. Stoeco Homes, Inc., *147 26 N.J. 246 (1958); Wallhauser v. Rummel, 25 N.J. Super. 358 (Ch. Div. 1953).
The only difference here is that the nature of the estate conveyed is an easement rather than a fee. Easements may likewise be created for a fixed term or for the accomplishment of a specific purpose. See 3 Powell, § 422, at pp. 526.22-526.23. The extent of the easement created by a conveyance is fixed by the conveyance. Restatement, Property, § 482 (1944). There is nothing unusual about property owners conveying or public bodies acquiring an easement for street purposes in lieu of estate in fee simple. Cf. Valentine v. Lamont, 13 N.J. 569 (1953), certiorari denied 347 U.S. 966, 74 S.Ct. 776, 98 L.Ed. 1108 (1954), and cases there cited holding that, unless the applicable statute authorizes acquisition of title in fee simple by the condemning authority, all the latter obtains by condemnation is an easement for the purpose required. Thus, an easement so granted, or an easement obtained by condemnation for the accomplishment of a particular purpose, expires by its own specific limitation when the street or public use is abandoned. Hazek v. Greene, 51 N.J. Super. 545, 558 (App. Div. 1958), certification denied 28 N.J. 58 (1958); 3 Powell, § 422, at p. 526.23.
In the present case it is clear that the easement had terminated by 1962. There had never been a public use of the easement, and the municipality, by its action over the years, indicated it never intended to proceed with the construction of the thoroughfare of which the premises in question were to comprise a part. By adopting the resolution in 1962 authorizing the execution of the deed, the municipality gave formal recognition to the fact it had never used the property for street purposes, that it had no intention of doing so and that, because of its location in relation to surrounding property, it could not be used for such purpose.
If Miss Stewart still owned the servient tenement, there would be no doubt that she would now hold the entire property, including the easement premises, free of any right in the municipality. The same is true with respect to Young, *148 who took title to the entire property, subject only to the easement, by deed from Miss Stewart. The deed from Miss Stewart to Young, dated April 12, 1946, conveyed the entire property, including the easement premises, by metes and bounds description. The exceptions, by reference to the deed from Miss Stewart to the borough and to a metes and bounds description of the easement premises, did not except the fee title to the easement premises but only the easement theretofore granted to the municipality.
When the governing body adopted the April 1962 resolution it merely recognized the fact that by reason of the abandonment of any intent to use the easement premises as part of a street, the municipality no longer had any property interest therein. Its interest amounted to no more than a cloud on title. Certainly, had Young been so advised, he could have instituted an action for a judicial determination that the municipality's easement had terminated. That the municipality manifested that recognition for the purpose of the title records in the form of a deed does not aid plaintiffs' position.
Since the municipality had no property right of value in the premises, plaintiffs' secondary argument that the conveyance was invalid for failure to comply with the public bidding or street vacation statutes likewise fails. For this reason we find no necessity for considering the scope of N.J.S.A. 40:60-26 and R.S. 40:67-19, nor the effect of R.S. 40:60-28 which confers power upon municipalities under certain circumstances to make a private sale and conveyance to adjoining property owners of lands not needed for public streets.
The trial court's ruling that there was no proof whatsoever of fraud or conflict of interest is fully supported by the record. The mere fact that Fox was one of the members of the governing body who voted in favor of the April 16, 1962 resolution lends no support to such a charge. He had no interest in the property when the resolution was adopted, nor is there the slightest suggestion that he at that time had *149 the intention of later purchasing it from Young. He did not purchase the property until some 13 months later.
In view of the conclusion reached on the merits, we express no opinion as to whether this action brought "on behalf of and in the name of the Borough of Haddonfield" is actually maintainable under the authority of N.J.S. 2A:49-1. If that statute, under which the present action is sought to be brought, is inapplicable, the action would ordinarily be barred by the three-year delay which elapsed between the time the resolution was adopted and the institution of this action.
Affirmed.