108 N.J. Super. 556 (1970)
262 A.2d 17
VICTORIA MEGARO IERROBINO, PLAINTIFF,
v.
LEWIS D. MEGARO, DONALD MEGARO, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR DENNIS MEGARO AND VICTORIA MEGARO, DONNA MEGARO PERRUSO, DIANE MEGARO AND JAMES MEGARO, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 4, 1970.
*558 Mr. Lewis L. Krieger appeared for plaintiff and defendants Donna Megaro Perruso, Diane Megaro and James Megaro (Messrs. Lasser and Krieger, attorneys).
Mr. Richard A. Walsh attorney for defendant Lewis D. Megaro.
Mr. Paul Alongi appeared for defendant Donald Megaro, individually and as guardian ad litem for Dennis Megaro and Victoria Megaro (Messrs. Alongi & Bregg, attorneys).
MINTZ, J.S.C.
Plaintiff, co-executor and co-trustee under the will of Donato Megaro, deceased, seeks a construction of the will and an accounting. Although the right to partition was not included as a legal issue in the pretrial order, it was presented in the amended complaint, in plaintiff's factual contentions in the pretrial order, and was argued at the trial. In view thereof, the pretrial order will be deemed amended to include such issue. R. 4:9-2. At the conclusion of the trial an accounting was directed to be filed by plaintiff and defendant Lewis D. Megaro as co-executors and co-trustees. Decision was reserved with respect to the matters hereinafter determined.
The testator executed his will on January 25, 1952. He died on August 18, 1965 and his will was admitted to probate on October 18, 1965. The will was prepared by Martin *559 Simon, a New Jersey attorney engaged in the general practice of law. At the time of its execution testator's wife Nevicella was alive, but his son James Megaro, Sr. had already died. Nevicella pre-deceased the testator by several years. But notwithstanding this fact, testator never revised his will. At the time of his death he was survived by his daughter, plaintiff Victoria Megaro Ierrobino, his son, defendant Lewis D. Megaro, who is married and has three children, and by three children of his deceased son James Megaro, Sr., all of whom are named defendants.
[The court here reviewed the provisions of the will and determined that plaintiff and defendant Lewis D. Megaro each acquired an undivided one-third interest in fee in all of testator's realty and an undivided one-third absolute ownership in his personalty. The remaining undivided one-third interest in the personalty and realty passed to plaintiff and defendant Lewis D. Megaro in trust to use the whole or any part thereof for the benefit of any of the issue of testator which they may, in their sole and unqualified discretion, deem advisable. The term "issue" was held to include the children of testator's deceased son James. If the trust property is not distributed in full by January 1, 1977, the trustees are to divide the trust property remaining in their hands equally between themselves or turn the same over to the survivor, thereby terminating the trust.]
Testator at the time of his death owned seven parcels of realty and four cemetery plots. The realty consists of multi-family dwellings, commercial properties consisting of stores and apartments, and vacant lots. Since the respective improved properties are not physically divisible and the vacant lots realistically are not physically partible, plaintiff contends that she is entitled to a partition through sale. N.J.S.A. 2A:56-2. Defendant Lewis D. Megaro opposes the demand for partition, contending that testator indicated his intention in paragraphs Fourth (e) and Fifth (a) that his realty not be sold until his youngest grandchild *560 living at the time of his death attains the age of 21 or until January 1, 1985, which ever event first occurs.
I am satisfied from a reading of the will and the oral testimony presented that testator was opposed to the sale of his real estate. He was advised by Simon that he could not restrain alienation, so he endeavored to limit the term of the restraint in the hope that such a limited restriction might be valid. But while the testator's intent is plainly expressed, it is settled law that an unlimited power of alienation is an inseparable incident of an estate in fee simple and that such estate cannot be restrained by any provision or condition whatever. The reasonableness of a restraint is immaterial. Any restraint is invalid even, if limited in duration, since such attempted restriction is repugnant to the nature of a fee simple. White v. White, 105 N.J. Super. 184, 190-192 (Ch. Div. 1969); Krueger v. Frederick, 88 N.J. Eq. 258 (Ch. 1917); Wrubel Realty Corp. v. Wrubel, 138 N.J. Eq. 466 (Ch. 1946). This State adheres to the policy of favoring alienation of property and its ready marketability. Highway Holding Co. v. Yara Engineering Corp., 22 N.J. 119, 133 (1956). However, it is equally clear that reasonable restraints against the alienation of trust property are not against public policy and are valid. 4 Restatement, Property, § 405 (1944): 6 N.J. Practice (Clapp, Wills and Administration), § 667, at 221 (1962). A testator may require the trustees to retain the original trust property in his hands for the duration of the trust. 6 American Law of Property, § 26.13, at 427 (1952).
Testator's direction that his properties not be sold for a certain period of time is a valid restraint upon the undivided one-third of all the properties held in trust, but is invalid as to the undivided two-thirds interest devised in fee. His intent, to the extent it is consistent with the law, should be effectuated. However, it is unrealistic to order a sale of the undivided two-thirds fee interest in each property. A sale of such interests would not attract *561 bidders, and the interested parties would be severely prejudiced by any such disposition of the realty.
There is considerable authority in other jurisdictions holding that where the properties sought to be partitioned consist of separate and distinct parcels, the whole may be treated as one estate for the purpose of making division and allotment where no injustice results. Thus, one tract may be allotted to one party and another to another where the values are properly proportionate to their respective interests, or the share to which a party is entitled may be set off to him entirely out of one of several tracts if the rights of the other parties are not thereby prejudiced.
In Von Herberg v. Von Herberg, 6 Wash.2d 100, 106 P.2d 737 (Sup. Ct. 1940), the court, in partitioning property composed of several separate parts owned in common by a divorced couple, stated that
* * * the parts may be considered as comprising one composite estate, a partition of which may be effected by the award of separate parcels, rather than by a partition in kind of every part, when such a division is to the best interest of the parties. [106 P.2d, at 747]
In allotting the whole of some properties to the husband and the whole of others to the wife, the court attempted to make an equitable division by taking into consideration the husband's outstanding qualifications as a businessman. He was given the encumbered property while the wife was given unencumbered property.
In Kirk v. Maynard, 298 Ky. 576, 183 S.W.2d 547 (Ct. App. 1944), the ten tracts of land involved ranged in size from 26 acres to approximately 1,000 acres. Plaintiffs were the heirs of one who owned the tracts in common with defendant. Plaintiffs, in the partition proceeding, were transferred outright the whole of eight parcels. Defendant was given two parcels. The value of each share was equal, and the fact that defendant owned lands adjacent to his *562 tracts was considered in determining which tenant would get which tract. The court rejected plaintiffs' claim that they were entitled to have each of the ten tracts partitioned. To the same effect, see Hagar v. Wiswall, 27 Mass. 152 (Sup. Jud. Ct. 1830); Perry v. Jones, 48 Okl. 362, 150 P. 168 (Sup. Ct. 1915); Stannard v. Sperry, 56 Conn. 541, 16 A. 261 (Sup. Ct. Err. 1889); Claude v. Handy, 83 Md. 225, 34 A. 532 (Ct. App. 1896); 68 C.J.S. Partition § 156 e, at 261-262.
This principle was recognized in Hall v. Piddock, 21 N.J. Eq. 311 (Ch. 1871), where the court stated:
The peculiarities of an equitable partition are, that such part of the land as may be more advantageous to any party on account of its proximity to his other land, or for any other reason, will be directed to be set off to him if it can be done without injury to the others; that when the lands are in several parcels each joint owner is not entitled to a share of each parcel, but only to his equal share in the whole; that where a partition exactly equal cannot be made without injury, a gross sum or yearly rent may be directed to be paid for owelty or equality of partition, by one whose share is too large to others whose shares are too small; * * *. [at 314]
See also Brookfield v. Williams, 2 N.J. Eq. 341, 345 (Ch. 1840).
Hall v. Piddock and Brookfield v. Williams, supra, recognize the principle of "owelty" wherein if one cotenant receives property with a value greater than his proportionate share, he will owe to the other cotenant an amount of money which would equalize the partition. See also Hay v. Estell, 19 N.J. Eq. 133 (Ch. 1868), and 68 C.J.S. Partition § 142 a, at 232, where the author states:
Where property to be partitioned is of such a character that it cannot be divided equally without impairing the value of all portions, and a sale would likewise be disadvantageous, the court may divide the property into shares of unequal value, and correct the inequality by requiring an amount to be paid or secured by the cotenants receiving allotments in excess of their shares to those receiving less.
*563 Accord, R.R. Thompson Estate Co. v. Kamm, 107 Or. 61, 213 P. 417, 28 A.L.R. 722 (Sup. Ct. 1923); Von Herberg v. Von Herberg, supra.
Under all the circumstances here presented the partition sought by plaintiff will be effected by an allotment of a separate parcel or parcels of realty to her to the extent of one-third of the total value of all testator's properties. The realty so received by plaintiff will be freed from any restraint of alienation. If plaintiff receives property greater than her proportionate share, she will be required to pay or to satisfactorily secure the payment to her cotenants of such excess sum. If she receives property of less value than her proportionate share, her cotenants will be required to satisfy the deficit.
The parties will endeavor to agree upon an equitable allotment to the plaintiff and report such agreement to the court. If no such agreement is presented by March 6, 1970, the allocation will be made by the court. An early date for a hearing will be fixed, at which time the parties may present expert testimony respecting valuations of the properties, and such other testimony as may be deemed pertinent in the resolution of this issue. Perhaps the court could appoint one or more persons as commissioners to ascertain and report the property or properties to be allotted to plaintiff. R. 4:63-1. However, it appears expedient under the unusual circumstances in the instant situation for the court to effectuate the partition in the manner indicated.
A form of judgment should be submitted in accordance with R. 4:42-1.