112 N.J. Super. 221 (1970)
270 A.2d 736
CLIFFORD HAGAMAN, PLAINTIFF,
v.
THE BOARD OF EDUCATION OF THE TOWNSHIP OF WOODBRIDGE IN THE COUNTY OF MIDDLESEX, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 30, 1970.
*222 Mr. Antonio R. Cioffi, attorney for plaintiff.
Mr. Richard W. Kracht for the defendant (Messrs. Hult and Berkow, attorneys).
FURMAN, J.S.C.
On motion and cross-motion for summary judgment the issue is whether a deed in 1925 from plaintiff's parents to defendant board of education created a fee simple determinable or a fee simple subject to a condition subsequent. The plaintiff is his parents' sole heir.
The deed contains this language:
It is the understanding of the parties to this conveyance that the hereinbefore described land is conveyed solely for the purpose of being used for the erection and maintenance of a public school or schools and that the Board of Education of Woodbridge Township, N.J. will erect a school thereon on or before the school year of 1926 and use such building for school purposes.
*223 The granting and habendum clauses lack any words of limitation or condition. Nowhere in the deed is a possibility of reverter or a right of reentry expressed.
The following facts are undisputed. A school known as Hagaman Heights School was built and maintained on the premises from 1926 to 1968. The premises are 200 feet square. In 1968 the school building was boarded up but it has not been razed. The premises are in use as a public playground, with swings, a sliding board, monkey bars and basketball courts. A full-time playground supervisor organizes and supervises activities during the summer vacation period.
According to the affidavit of Vincent McDonnell, Supervisor of buildings and grounds for the defendant board of education, the school building was obsolete in 1968. Both his affidavit and that of T.C. Cadwalader, defendant's secretary, deny any present plan to sell the premises.
Language in an instrument which is alleged to create a fee simple determinable or a fee simple subject to a condition subsequent is strictly construed. Words of art are sought out. The law abhors a forfeiture. Lehigh Valley R.R. Co. v. Chapman, 35 N.J. 177, 182, 188 (1961), cert. den. 368 U.S. 928, 82 S.Ct. 364, 7 L.Ed. 26, 192 (1961); Oldfield v. Stoeco Homes, Inc., 26 N.J. 246, 255 (1958); Eggleston v. Fox, 96 N.J. Super. 142, 146 (App. Div. 1967); Shuster v. Board of Education, Hardwick Tp., 17 N.J. Super. 357, 359 (App. Div. 1952); Restatement, Property, §§ 44, 45 (1936); 2 Powell, The Law of Real Property, §§ 187, 188 (1966).
A construction that an instrument creates a fee simple determinable hinges upon such words of art fixing a conditional limitation as "so long as," "until," or "during." The possibility of reverter may be expressed but may also be inferred from other language in the instrument evidencing plainly that the estate created was to determine and thus to revert to the grantor or his heirs, upon the abandonment of the use for which it was created or upon some other conditional *224 limitation. Eggleston v. Fox, supra; Board of Chosen Freeholders of Cumberland County v. Buck, 79 N.J. Eq. 472, 476 (Ch. 1912); Restatement, Property, § 44; 2 Powell, op. cit. § 187.
To establish a fee simple subject to a condition subsequent the courts have required an express provision that upon the occurrence of that condition the grantor or his successors in interest may terminate the estate and reenter. Oldfield v. Stoeco Homes, Inc., supra: Cornelius v. Ivins, 26 N.J.L. 376, 384 (Sup. Ct. 1857); Restatement, Property, § 45; 2 Powell, op. cit. § 188.
A parallel case to this one is Board of Education, West Paterson v. Brophy, 90 N.J. Eq. 57 (Ch. 1919). A deed recited: "Which said premises are hereby conveyed to and for the purpose of having erected thereon a district school house." After discontinuance of the school use Vice-Chancellor Lewis ruled that the deed created neither a fee simple determinable nor a fee simple subject to a condition subsequent.
This court holds that the deed from plaintiff's parents to defendant board of education does not accord with the requisites imposed by law, which must be strictly construed, to establish a fee simple determinable or a fee simple subject to a condition subsequent.
A further issue implicit in the facts but not raised by the pleadings is whether defendant board of education holds a fee simple absolute subject to a trust for the charitable purpose of maintaining an educational facility.
Brophy v. Board, &c., West Paterson, 12 N.J. Misc. 460, 172 A. 910 (Ch. 1934), was a follow-up of the 1919 decision supra, involving the same deed and premises. In the intervening period defendant therein had put the building to a use "in part at least for other than school purposes." Vice-Chancellor Lewis determined, as had not been necessary in the earlier decision, that the deed conveyed a fee simple absolute without a charitable trust.
*225 Some distinction may be drawn in the wording of the Brophy and Hagaman instruments. The former expresses the grantor's purpose only and thus may have been held to be precatory. The latter expresses an understanding of both parties to the deed, thus moving towards that element of a trust, the imposition of enforceable duties upon the grantee as trustee. Restatement, Trusts 2d, § 351 (1959); 3 Scott, The Law of Trusts § 351 (1939).
A construction that an instrument creates a charitable trust should be favored. See, e.g., MacKenzie v. Trustees of Presbytery of Jersey City, 67 N.J. Eq. 652 (E. & A. 1905).
Nor is this court compelled by stare decisis to adhere to decisions of the former Court of Chancery, a court of like jurisdiction. Wolf v. Home Insurance Co., 100 N.J. Super. 27, 35 (Law Div. 1968), aff'd 103 N.J. Super. 357 (App. Div. 1968); 20 Am. Jur.2d, Courts, § 201 (1965).
Under the circumstances leave is granted to plaintiff to amend his complaint to seek the enforcement of a charitable trust (R. 4:9-1) and to defendant to answer and counterclaim for a declaratory judgment or for instructions whether a public playground may be substituted for a school use, pursuant to the doctrine of cy pres. Cf. Board Education, West Paterson v. Brophy, supra, at 63.