124 N.J. Super. 439 (1973)
307 A.2d 625
MURIEL ROSE LEONARD, PLAINTIFF-RESPONDENT,
v.
FLOYD JOHN LEONARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 18, 1973.
Decided July 5, 1973.
*440 Before Judges CARTON, MINTZ and SEIDMAN.
Mr. Stanley Yacker argued the cause for appellant (Messrs. DeMaio & Yacker, attorneys).
Mr. Thomas T. Warshaw argued the cause for respondent (Messrs. Drazin, Warshaw, Auerbach & Rudnick, attorneys).
Mr. Thomas J. Baldino, Jr. (court-appointed commissioner) appeared pro se.
The opinion of the court was delivered by MINTZ, J.A.D.
In this partition proceeding we granted leave to defendant to appeal from an order confirming the sale of three parcels of real property. The parties to this action were formerly husband and wife. As a consequence of their divorce they became cotenants in common of five separate properties situate in this State. One parcel at 32 Rochester Drive in Bricktown is a residence presently occupied by defendant. Three noncontiguous parcels are situate *441 in Union Beach and consist of (a) a business property on Union Avenue in which defendant conducts his business; (b) a residence at 204 Morningside Avenue in which plaintiff resided, but apparently moved therefrom in 1972, and (c) a one-family residence at 620 Morningside Avenue, apparently a rental property formerly occupied by defendant's parents. The fifth parcel is a vacant lot on Holmdel Road in Holmdel.
On June 3, 1971 summary judgment in partition was entered on motion of plaintiff, and Thomas J. Baldino, Jr. was appointed commissioner to effect sales of the properties. On July 28, 1972 the commissioner entered into contracts to sell the premises at 620 Morningside Avenue in Union Beach, and 32 Rochester Drive, Bricktown. The respective contracts were negotiated through a real estate agency and subject to the payment of a commission of 7%.
On August 4, 1972 defendant moved for a physical partition of the respective parcels between the parties in lieu of a sale of all five properties through the commissioner. He filed a supporting affidavit in which he requested that he be permitted to retain his home and the business property; that plaintiff be allotted the other two residential properties, and that the vacant lot be sold and the proceeds utilized to make financial adjustments between the parties. The court denied the application stating:
Partition applies to a particular piece of property and in this case partition applies to five pieces of property. There is no question that no one of these pieces of property can be divided so that the husband will have part and wife will have part. Therefore the only thing that can be done is to sell.
The court further indicated that defendant was desirous of retaining the properties in which he resides and the business property, that plaintiff should receive the other two residences, and that the Holmdel property be sold and the proceeds used to equalize the values. The court also alluded to the commissioner's view that a physical partition was not equitably feasible. The matter was adjourned until August *442 18, 1972. At that time the court considered a motion to confirm the sale of the vacant lot subject to a 10% real estate commission, as well as the other two properties under contracts for sale. The motion was granted notwithstanding the fact that defendant expressed a willingness to meet the price offered for his residence and the business property.
At oral argument we were advised that only one contract still subsisted, namely, that pertaining to the sale of 32 Rochester Drive for $27,500.
We are mindful of the trial judge's observations respecting defendant's obstructive tactics pertaining to the support payments required to be made, and his alleged failure to repair defendant's residence. However, these factors are irrelevant to the problem here presented. Simply stated, the basic issue is whether the court erred in refusing to make a physical allotment of the five noncontiguous properties. Although the application for such a disposition was belatedly made, we conclude that the trial court erred in holding that since no single parcel was capable of physical partition, a sale of all five properties was required. We do not believe that such a determination was mandated by N.J.S.A. 2A:56-2.
The precise issue was presented in Ierrobino v. Megaro, 108 N.J. Super. 556, 561 (Ch. Div. 1970), where the court stated:
There is considerable authority in other jurisdictions holding that where the properties sought to be partitioned consist of separate and distinct parcels, the whole may be treated as one estate for the purpose of making division and allotment where no injustice results. Thus, one tract may be allotted to one party and another to another where the values are properly proportionate to their respective interests, or the share to which a party is entitled may be set off to him entirely out of one of several tracts if the rights of the other parties are not thereby prejudiced.
The court in Ierrobino (at 562) also recognized the principle of "owelty" wherein if one cotenant receives property with a value greater than his proportionate share, he will owe to the other cotenant an amount of money which would equalize *443 the partition. In Ierrobino the parties were requested to endeavor to agree upon an equitable allotment, and if no such agreement was presented within a stated period the allocation would be made by the court. The history of this protracted litigation strongly indicates that no such agreement will be reached.
In our judgment defendant should be allotted the business property and the reidence in which he resides, and the wife allotted the remaining three properties. We recognize that the two properties to be allotted the husband probably exceed the value of the three properties to be allotted to plaintiff.
At the oral argument the parties stipulated that the trial court should forthwith appoint a neutral expert to appraise the five properties. We direct that the expert's appraisal reports be filed with the trial court within 35 days from the date of this opinion, and that copies thereof be furnished the respective attorneys. If, within five days from the receipt of this opinion, the parties can stipulate the value of one or more properties and file said stipulation with the trial court, then obviously no appraisal of such property or properties will be required.
We hereby vacate the order confirming the sales and the order appointing Baldino as commissioner. Baldino is to be paid for his expenses incurred and services rendered in an amount to be fixed by the trial judge. His allowance is to be charged against defendant, or possibly against both parties. We leave this issue for determination by the trial judge. The neutral expert's fee is to be likewise fixed by the trial judge and paid by either one or both of the parties as the trial judge may resolve.
We were further advised that plaintiff claims defendant failed to maintain certain properties. This issue may be adjudicated on the remand of this proceeding to the trial court.
Obviously, one of the parties will receive properties greater in value than his or her proportionate share. The party receiving the greater share will be required to pay the other *444 party the amount required to equalize the partition, within 60 days after the allotments are made by the trial judge, and in the interim to furnish such security for the payment of the same, as the trial judge may determine.
Reversed and remanded for further proceedings consistent with this opinion.