202 N.J. Super. 474 (1985)
495 A.2d 452
VILLAGE OF RIDGEWOOD, PLAINTIFF-RESPONDENT,
v.
THE BOLGER FOUNDATION, DEFENDANT-APPELLANT.
BOROUGH OF MIDLAND PARK, PLAINTIFF-RESPONDENT,
v.
THE BOLGER FOUNDATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1985.
Decided July 9, 1985.
*475 Before Judges MICHELS, PETRELLA and BAIME.
Molly B. Cannon argued the cause for appellant (Mahoney, Mahoney & Cannon, P.A., attorneys).
Clifford W. Starrett argued the cause for amicus curiae New Jersey Conservation Foundation (Schenck, Price, Smith & King, attorneys; Douglas S. Brierley and Stuart R. Deans on the brief).
Harry Haushalter, Deputy Attorney General, argued the cause for intervenor-respondent, Irwin I. Kimmelman, Attorney General of New Jersey (James J. Ciancia, Assistant Attorney General, of counsel).
*476 Cathy J. Pollak argued the cause for respondent Village of Ridgewood (Stoldt, Horan & Cino, attorneys).
Richard J. Allen, Jr. argued the cause for respondent Borough of Midland Park (Jeffer, Hartman, Hopkinson, Vogel, Coomber & Peiffer, attorneys).
PER CURIAM.
Taxpayer appeals the local property tax assessments for the years 1980 and 1981 in these consolidated appeals.
With one exception, we affirm substantially for the reasons expressed by Judge Hopkins in his written decision which is reported at 6 N.J. Tax 391 (1984).
The Tax Court decision noted that the conservation easement involved herein was granted in 1979 and thus prior to the February 5, 1980 effective date of the New Jersey Conservation Restriction and Historic Preservation Restriction Act (the Act), N.J.S.A. 13:8B-1, et seq.[1] By that easement The Bolger Foundation essentially gave up development rights to the property. We granted the Village of Ridgewood's motion to supplement the record to include the Amended Conservation Easement dated May 14, 1984, and recorded June 13, 1984 between The Bolger Foundation and the New Jersey Conservation Foundation. The amended conservation easement specifically stated that it was a "conservation restriction ... as defined in N.J.S.A. 13:8B-2(b)" and that it was granted pursuant to the Act.
Where we part company with Judge Hopkins' opinion is with respect to his statement that the subject easement was unenforceable because it attempted to restrict the alienability of the property. In the first place, the type of restrictions imposed here have now been legislatively authorized by N.J. *477 S.A. 13:8B-1, et seq. Moreover, the cases cited by the Tax Court in support of its thesis all dealt with the transfer of fee simple titles rather than transfers of easements. The general rule regarding restraints on alienation is that "where a fee or absolute estate is devised, bequeathed, conveyed or transferred inter vivos by one person to another and the latter is restrained in any respect from alienating the property, the restriction is void even though there is a gift over on a violation thereof." Clapp and Black, 6 N.J. Practice, Wills and Administration, § 668 at 267 (1984). (emphasis supplied). See, e.g. Feit v. Richards, 64 N.J. Eq. 16, 19 (Chan. 1902); Cornelius v. Ivins, 26 N.J.L. 376, 385 (S.Ct. 1857); see also Ierrobino v. Megaro, 108 N.J. Super. 556, 560 (Ch.Div. 1970); White v. White, 105 N.J. Super. 184, 190-193 (Ch.Div. 1969). We are aware of no cases in this State invalidating restrictions on the sale of easements in gross.
Easements in gross are by their nature nonpossesory interests in land by which the grantee acquires the right to use the land of another. See Tewksbury Tp. v. Jersey Cent. Power & Light, 159 N.J. Super. 44, 49 (App.Div. 1978), aff'd 79 N.J. 398 (1979); P & A Construction, Inc. v. Hackensack Water Co., 115 N.J. Super. 550, 553 (Law Div. 1971). Such an easement may be for a fixed term or for the accomplishment of a specific purpose. See Eggleston v. Fox, 96 N.J. Super. 142, 147 (App. Div. 1967). In view of the grantee's limited interest in an easement in gross and the extent to which the grantor can control that interest, it would not appear violative of the general rule against restraints for the taxpayer to impose such minimal restrictions on the subject easement as involved here. Under the terms of the easement the grantee is permitted to merge with another nonprofit corporation with similar purposes, and only if it ceased operating as a nonprofit corporation would it be required to transfer the property to other nonprofit corporations.
In addition, the reasons for restricting alienability of the subject easement obviates the need for application of the rule *478 against restraints. In White v. White, 105 N.J. Super. 184 (Ch.Div. 1969), policy reasons forming the basis of the rule were discussed. The court said:
Two of the important objections to restraints are their discouragement of improvements and their possible effect in respect to creditors of the owner of the property subject to the restraint. (Id. at 190.)
The restrictions on the easement here do not violate those principles. Rather, the restrictions seem reasonable with respect to a transfer to a nonprofit corporation created for the purpose of conserving lands. Hence, there was a reasonable justification for the restriction and the purpose of the restraint outweighs any need for applying a general rule against restraints on alienation. See Brace v. Black, 51 N.J. Super. 572, 580-581 (App.Div. 1958); see also lerrobino v. Megaro, supra (108 N.J. Super. at 560) (reasonable restraints against alienation of trust property are not against public policy and are valid); Restatement (Second), Property, Donative Transfers § 4.1(2) at 159 (1982) (disabling restraint valid if, and only if, under all circumstances of case and considering purpose, nature, and duration of restraint, the legal policy favoring freedom of alienation does not reasonably apply).
With the foregoing qualifications, the judgments under review are affirmed.
NOTES
[1] N.J.S.A. 13:8B-7 was not in effect at the time the 1979 easement was granted and the Tax Court judge did not apply the Act retroactively. Hence, he did not rule on the cited statute's effect. Nor do we address it. We also do not rule on the effect of the 1984 amended easement.